CHARLOTTE C. PEARSON *vs.* NATHANIEL B. CHACE, Executor.

A. devised to his wife C. the dividends and income of certain shares of bank stock during her natural life, or so long as she remained his widow, and in lieu of dower, the reversionary right being in his three daughters, who were also made his residuary legatees and devisees. *Held*, that the gift was one of income and not an annuity, and that C. was therefore liable to pay the taxes upon the stock, so long as she received the income from it.

A gift of an annuity for life, and a gift of the income of certain property for life, defined and distinguished.

ASSUMPIT for money alleged to have been had and received by the defendant to the use of the plaintiff. A jury trial having been waived, the case was submitted to the court both in fact and law. At the trial it appeared that the plaintiff was the widow of one Luther Pearson, who bequeathed to her by his will the income and dividends of certain bank stocks during her life. The defendant, who was the executor of his will, having paid the taxes assessed by the city of Providence on these stocks, deducting them from the dividends, the plaintiff brought this action to recover the sums thus deducted, claiming that under the will she was entitled to receive the entire income from the stocks without any abatement or diminution. The bequest was made by the sixth clause of the will of Luther Pearson, the portions of which involved in this case were as follows: —

" Sixth. I give and bequeath to my wife Charlotte C. Pearson

. . . . the dividends and income of sixty-one shares of stock in the Phenix National Bank, of Providence; also the dividends or income of forty shares of stock in the Globe National Bank, of Providence; also the dividends or income of ten shares of stock in the Second National Bank, of Providence; also the dividends or income of twenty shares of stock in the Commercial National Bank, of Providence. All the foregoing bequests in this will are made to my said wife during the term of her natural life or so long as she shall remain my widow, and in lieu of her right of dower and power of thirds, and upon condition that she releases her right of dower in all my estate."

*John D. Thurston*, for plaintiff.

*B. N. Lapham*, for defendant.

POTTER, J. In this case the testator gave by will to his wife Catherine " the dividends and income " of sixty-one shares of Phenix Bank stock; also "the dividends or income" of other bank stock during her natural life or so long as she remained his widow, and in lieu of dower; the reversionary right to his three daughters by a former wife' who are also residuary legatees and devisees.

The question before us is who is liable to pay the tax upon this stock, the holder for life, or the residuary legatees. In case of real estate there can now be no question, as by statute it must be taxed to the tenant for life, and he must of course protect the estate from ordinary taxes, and must defray them from his own funds, unless the will or other instrument creating his estate has made a different provision.

The distinction upon which many of the cases have proceeded is that between a gift of an annuity for life, or a gift of the income of certain property for life, holding the donee for life liable for taxes, &c., in the latter case, in the former not. But it is not easy always, admitting this to be the rule, to determine to which class a particular gift belongs. An annuity is defined as a stated sum payable annually. *Booth* v. *Anneman*, 4 Brad. 129, 133. This probably is the ordinary acceptation of the word. But in this case a bequest of the interest of a certain amount was held to be a bequest of income, not an annuity; while in *Swett* v. *Boston*, 18 Pick. 123, a similar bequest was under the statute held equivalent to a direction to the executor to pay the donee so much a year, and treated as an annuity free from tax.

Pearson v. Chace.

In *Craig* v. *Craig*, 3 Barb. Ch. 76, there was a direction to invest a sum of money enough to produce in legal interest at least $500 per year, and Chancellor Walworth treats this as an annuity. So in *Eyre* v. *Golding*, 5 Binney, 472, the court made a distinction between a legacy of a sum of money to one for life, and a bequest of a sum annually for life. It is true, in these cases the question was more particularly as to how soon after the testator's death the legatee or donee was entitled to payment.

On the other hand, *income* would include all cases where the interest of a certain sum is given, where the profits or earnings of the property, although payable at fixed periods, might vary from time to time.

And in a gift of the interest of a given sum, it might make a material difference in the application of the rule, whether the interest is regulated by law as it formerly was in nearly all the states, or whether it is left to agreement and competition, in which case no certain calculation could be made as to the interest a given sum would produce.

It may perhaps assist in settling the equity of a general rule to consider different cases which might arise under it. If a testator's whole property was in bank stock, and he devised the income of the whole in several parcels to persons for life and bequeathed the remainder of each parcel to others, in such case, if the life tenant does not pay the tax, it would gradually consume the principal. And even where there is a rest and residue, there may be nothing in that fact alone to imply any intention to exempt the life tenant of the stock. On the other hand, if the stock produces no dividend or income, it may be hard for the life tenant to pay a tax, but it would be equally hard for the claimant in remainder. See the cases of *Van Wyck* v. *Bloodgood*, 1 Brad. 154; *Pinckney* v. *Pinckney*, 1 Ibid. 269; *Westerfield* v. *Westerfield*, 1 Ibid. 198; *Hepburn* v. *Hepburn*, 2 Ibid. 74; *Parkinson* v. *Parkinson*, 2 Ibid. 77; *Stillwell* v. *Doughty*, 2 Ibid. 311; *Lawrence* v. *Embree*, 3 Ibid. 364; *Lawrence* v. *Holden*, 3 Ibid. 142.

In the present case we consider the gift properly described as income, and not as annuity. It is not a fixed sum, nor to be made a certain sum. The property was, we understand in the present case, taxed altogether and not by parcels; but there would be no difficulty in ascertaining the proper proportion. It should bear its share of the whole tax and no more.

A proper course in such a case might be for the executor to execute a transfer for life or widowhood. And if the persons who are to take in remainder are certain, the stock might, subject to this, be transferred to them. But if the principal continues to be held by the executor, the stock might be specially taxed to the life tenant under the provisions of section 12 of chap. 39 of the General Statutes. *Judgment for defendant.*