AUSTIN L. WELLS and another, Executors, etc., Plaintiffs, *v.* THOMAS M. KNIGHT and another, Executors, etc., Defendants.

*Bequest of interest of specific fund — when legatee liable for taxes — when general estate chargeable with them.*

When a testator directs a specified sum to be invested, and the interest or income thereof to be given to a legatee, taxes are chargeable upon the particular fund, and not upon the general estate, unless a contrary intention is manifested in the will.

A legatee, however, is chargeable only with the taxes which the executor is compelled to pay upon such specific fund, and where such fund has never been separated from the general estate and separately invested, the legatee is entitled to the entire interest upon the same, and cannot be compelled to contribute toward the payment of the taxes assessed upon the general estate.

Controversy submitted without action, in pursuance of section 372 of the Code.

The first clause of the will of the defendants' testator was as follows:

First. I give and bequeath to my wife, Polly Patch, the sum of twelve thousand dollars, to and for her use during her natural life; provided, however, that my executor or executors shall have power, and he or they are hereby directed to invest the same in securities on real estate at not to exceed two-thirds its cash value, exclusive of buildings and fixtures; or in good bonds or stocks at or on interest payable annually at least, and to pay over such interest to my said wife for her own use and benefit.

By a codicil thereto, he directed that the sum be increased to sixteen thousand dollars.

His executors never set apart this sum for his wife, but paid her the interest thereon from the income of the general estate. The question before the court was, whether or not she was chargeable with a proportionate amount of the taxes paid by the defendants upon the general estate.

*T. P. Grosvenor*, for the plaintiffs.

*H. C. Kingsbury*, for the defendants.

GILBERT, J..

It was the duty of the defendants to invest the sum of $16,000, as directed by the will of the testator, Nahum W. Patch. If they had done that, and the fund had been assessed for taxes, and they had paid the same, the question would have been more distinctly presented which has been argued before us, namely, whether such taxes should be discharged out of the interest accruing from the general estate of the testator. Very little authority upon that question is to be found. The late Surrogate BRADFORD, in *Booth* v. *Ammerman* (4 Bradf., 129), held that the taxes which the executors *might be compelled to pay* upon the fund invested, must come out of the interest thereof, and were not a charge on the general estate, because a bequest of the interest of a particular fund cannot be treated as an annuity, but only as a gift of income. The will in that case is not set forth, but it is assumed that a fund had been set apart, out of which the legacy was to be paid. That deci-

sion was followed in *Lansing* v. *Lansing* (45 Barb., 182). On the other hand, Chancellor WALWORTH, in *Craig* v. *Craig* (3 Barb. Ch., 76), where the executors were directed to invest a sum of money sufficient to produce in legal interest at least $500 per annum, held it was an annuity. In *Drake* v. *Price* (1 Seld., 430), the Court of Appeals held that the executors could not charge their commissions upon such fund separately, but that they must be included in their account against the estate generally, and the rate thereof be determined accordingly.

There is good reason for holding, that, when a sum specified is directed to be invested, and the interest or income thereof, whatever it may be, is given to a legatee, the taxes are chargeable upon the particular fund, and not upon the general estate, unless a contrary intention is manifested in the will. For the statute (1 Edm. Stat., 362, § 5) provides that every person shall be assessed for all personal estate owned by him, including all personal estate in his possession or under his control as agent or trustee, guardian, executor or administrator. Funds created by investments for the benefit of legatees pursuant to directions contained in wills, are held by executors as such, and not as trustees. (*Valentine* v. *Valentine*, 2 Barb. Ch., 430 ; *Drake* v. *Price, supra*.) Still, the payment of taxes assessed upon the particular fund would not necessarily be made by them in their general capacity of executors. As to such payments, they may properly be deemed to act not only as executors, but as trustees of the fund ; and such payments would seem to be more properly chargeable against the interest of the fund upon which they are assessed, than against the general estate. But a legatee cannot be charged with taxes not assessed upon the fund, or which the executor has not been compelled to pay by reason of such an assessment. It is only after a fund has been set apart and the income of that has been given, that the income is subjected to diminution by the payment of taxes. Here the executor made no investment of the sum the interest of which was given to the testator's wife. Until such investment should be made, she was entitled to interest on $16,000, from the time of the testator's death. (*Williamson* v. *Williamson*, 6 Paige, 298 ; *Craig* v. *Craig, supra*.) Without such investment, the gift stands as one of the interest on $16,000, and not of the income of a fund amounting to that sum.

Such a gift has been held to be one of an annuity out of the testator's estate, measured and expressed by the terms, "interest of $16,000," equivalent to $1,120, and it was not chargeable with the taxes assessed upon the general estate in the hands of the executors. (*Swett* v. *City of Boston*, 18 Pick., 123; *Brimblecom* v. *Haven*, 12 Cush., 511.)

The case does not show the payment of taxes out of any specific fund, but does show that the same were assessed upon the personal estate of Nahum W. Patch, deceased, and that the ratable proportion of the legacy of $16,000 would be $1,851.37. The executors paid the legatee interest on $16,000 for every year after the death of the testator, excepting that preceding her death, without deduction for taxes. They now seek to deprive her of the interest for the last year altogether, and to make her repay to them $731.37 besides, on account of taxes assessed upon the personal estate left by the testator and paid by them. We are of opinion that their claim ought not to be sustained, and that the plaintiffs are entitled to recover the whole amount of the legacy unpaid, namely, $1,120 with interest thereon from June 1, 1872.

Present — MULLIN, P. J., SMITH and GILBERT, JJ,

Judgment accordingly.