Order accordingly.

---

NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—DECEMBER, 1876.

## MATTER OF MOUNT.

*In the matter of the Estate of* ALFRED R. MOUNT, *deceased.*

Executors, administrators or trustees, charged with loss resulting from their neglect to make regular investments of a fund, are entitled to commissions on the amount so charged.

Executors and administrators are entitled to commissions on a debt due to themselves from the decedent, and presented and allowed on their accounting.

Where a will gives a specified sum on trust for the life of a beneficiary, with remainder over to another, the commissions for paying income to the beneficiary for life are properly chargeable to the body of the estate, in the absence of any indication in the will that the commissions were to be charged on the income.

The executor does not waive his right to commissions on the income, by paying it over in full to the beneficiary for life.

THIS was a further decision of incidental questions involved in the matter of the estate of Alfred R. Mount, deceased, on which the decision of the main questions is reported *ante, p.* 547.

JNO. W. C. LEVERIDGE, *for the executor.*

THE SURROGATE.—On the question of allowance of commissions on the loss allowed for the non-conversion

of stocks, &c., I entertain no doubt of the right of the trustee to charge commission. The charge made was for the purpose of restoring the fund to the condition and amount it would have reached if the trustees had performed their duty; and surely, in that case, they would have been entitled to commissions, and as is well said in *Meacham* v. *Sternes* (9 *Paige*, 404), "it is certainly sufficient punishment of the trustee for his negligence to compel him to account for the moneys which he might have collected, in the same manner as though the same had actually been received by him."

The same case settles the question in respect to the amount of the note allowed. The learned Chancellor says at the same page, "neither does there seem to be any good reason for depriving the trustee of his half commissions upon the debts due to himself, &c."

An examination of the case *Van Bokkelen* v. *Taylor* (92 N.Y., 105), does not change my opinion in respect to the validity of the note in question, and the sufficiency of the seal; and the suggestion made by the learned judge in that case, that there is nothing in the case to show that the stamps were not used as seals, indicate that it was the opinion of the court, that if used as seals, they would have been sufficient to create the instrument in question, a valid instrument. This satisfies me that my conclusion in this case was right; if not, the party must be put to his review by appeal.

Objection is also made to the allowance of commissions upon the income on the trust fund paid to four children under the will. The fact is that the testator bequeathed $5,000 each in trust for his four children for life, the remainder over to other parties, and it is suggested that the body of the estate should not be charged with commissions upon the amounts paid to such life tenants.

To test this question, suppose the respective trust funds had been bequeathed directly to the four children respectively, instead of in trust, to pay the interest to them; they would then evidently be entitled to the full amount of their legacy, undiminished by commissions, and yet the executors would be entitled to commissions for the payments, but the commissions would be charg· ed to the body of the estate; and I am unable to perceive any good reason why the income payable to them should be diminished by a charge of commissions in favor of the executors or trustees. It seems evident that the interest and income was intended to be paid to the children and beneficiaries, undiminished by any charges for the administration of the estate; and upon reflection, I am of the opinion that the trustees are entitled out of the residuary estate to be paid their commissions on the annual income paid to said children, and that their payment of the full amount to them, was in strict conformity to the provisions of the will, and their official duty, and that thereby they waived nothing by the way of commission.

Order accordingly.