NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1883.

CAMMANN v. CAMMANN.

*In the matter of the estate of* OSWALD CAMMANN, *de-
ceased.*

Testator, by his will, gave the residue of his estate to his executors, in
trust, to apply the income thereof for the benefit of his widow dur-
ing her life. The latter having died, the trustees presented the ac-
count of their transactions, preparatory to the distribution of the
principal of the fund.—

*Held,* that the case was clearly distinguishable from one where a life an-
nuity is given by a will, and that the trustees' commissions were a
charge exclusively upon the interest of the life beneficiary.

Mount v. Mount, 2 *Redf.*, 406—disapproved.

UPON the judicial settlement of the account of Charles
L. Cammann, and another, as executors of, and trus-
tees under decedent's will, objections were filed in be-
half of Oswald Cammann, an infant legatee. Further
facts appear in the opinion.

PIERRE W. WILDEY, *for trustees.*

H. S. OGDEN, *special guardian.*

THE SURROGATE.—By a decree of the Surrogate en-
tered in the year 1874, the rest, residue and remainder
of this decedent's estate was, in accordance with the
directions of his will, set apart to the executors as
trustees, to apply the income thereof for the benefit of
decedent's widow during her life. The widow has
since died, and the executors and trustees have pre-

sented the account of their transactions, preparatory to the distribution of the principal of the trust funds among the parties who have become entitled thereto.

A question has arisen concerning the commissions claimed by the executors and trustees. Shall they be paid out of the principal of the fund, or (as insisted by the special guardian of an infant entitled to share in such principal), are they chargeable on the interest of the life beneficiary alone?

· The case at bar is clearly distinguishable from one in which a life annuity is given by a will, and, with a single exception, I have found no reported case in which commissions have been directed to be paid out of the corpus of an estate, under circumstances like the present. ·

The exception is Mount v. Mount (*2 Redf.*, *406*), cited by the executors in support of their contention.

·. That decision, however, does not seem to have been adhered to by the learned Surrogate who rendered it (see Stubbs v. Stubbs, *4 Redf.*, *171*). On the other hand, the position of the special guardian is sustained by Pinckney v. Pinckney (*1 Bradf.*, *269*); Booth v. Ammerman (*4 Bradf.*, *129*); Lansing v. Lansing (*45 Barb.*, *182*); Drake v. Price (*5 N. Y.*, *430*); Whitson v. Whitson (*53 N. Y.*, *481*). The decree herein should conform to the decisions just cited.