NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1885.

THOMPSON *v.* THOMPSON.

*In the matter of the estate of* SAMUEL C. THOMPSON, *deceased.*

A *residuum* of a testator's estate is nothing more nor less than what is *left*, after satisfaction of all express or prior dispositions.

Testator, by his will, gave all his property to his executors, in trust (1) to discharge his debts; (2) to pay to his widow, for life and in lieu of

dower, the interest or income from one third of all his property; (3) to pay to his mother $100,000; and (4) to dispose of the residue as directed. The condition of the estate was such as to leave a large residue, in excess of the mother's legacy, and after setting apart one third of the entire estate for the widow.—

*Held*, that the widow was entitled to the interest or income of one third of all the property, after payment of debts, without a deduction of the amount of the mother's legacy.

As to whether, in case an assignment, to the life beneficiary, of one third of the estate, after payment of debts, left less than the specified amount of the mother's legacy, the provisions contained in clauses (2) and (3) would abate equally—*quære*.

Waters v. Collins, *ante*, 374—compared.

CONSTRUCTION of will, upon judicial settlement of account of Abby S. Thompson, decedent's widow, as executrix, and F. G. Adams and another, as executors of decedent's will. Ferris S. Thompson, an infant son of decedent, appeared in the proceedings.

MORE, APLINGTON & MORE, *for executors.*

JOHN P. MORRIS, *special guardian.*

THE SURROGATE. — This testator devised and bequeathed to his executors all his property, real and personal, upon the following trusts:

1*st*. To discharge his debts.

2*d*. To pay to his widow, for life and in lieu of dower, " the interest or income from one third of all my [his] property, real and personal."

3*rd*. To pay to his mother $100,000.

[The fourth provision is unimportant for the present discussion.]

5*th*. To pay, deliver over and transfer, subject to the above directions, all the rest and residue of his property, etc., etc.

A decree is about to be entered, settling the accounts of testator's executors, and the question arises whether, in ascertaining the principal sum upon which is to be allowed interest or income to the widow, the legacy of $100,000 must be first deducted; or whether, on the other hand, the widow must be held entitled to the interest or income of one third of the entire property, in excess of the amount required for payment of debts. The solution of this question may, perhaps, be somewhat simplified by considering what would be the fair interpretation of this will if, instead of providing for payment to his widow of interest and income, the testator had given her outright one third part of the entire estate. The will, if in all other respects unchanged, would then have contained directions as follows, and in order following : 1st. For the satisfaction of debts ; 2d. For the delivery to the widow of one third of all the testator's property, real and personal; 3rd. For the payment to his mother of $100,000 ; 4th. For the disposition of the residue.

It seems to me that, in the construction of such a will as that, it would be absurd to claim that any portion of the legacy bequeathed by the third clause would be deductible from the one third of the entire estate which is disposed of by clause second, save, perhaps, in the contingency of the inadequacy of assets to discharge the former legacy in full.

Any scheme of distribution under such a will, that would assign a penny to the residuary legatee, would be unjust to the beneficiary named in the second clause, if it involved the slightest deduction from her one third of the entire estate, as a contribution to the

$100,000 legacy. For the legatee or devisee of a residue can take nothing, until all other devises and bequests have been fully satisfied. Law and lexicons thoroughly accord in pronouncing a *residuum* to be nothing more nor less than what is left. If the value of an estate thus disposed of should prove to be precisely $150,000, after payment of debts, with what show of reason could it be claimed that the widow would be entitled to but one third part of $50,000, and that the remaining two thirds would go to the beneficiaries of the residue? There cannot, it seems to me, be room for doubt that, in such a case, the widow would take $50,000 and the mother $100,000, a scheme of distribution that would leave no residue whatever.

Now, the case at bar only differs from the case suppositionally stated in this — that the testator's widow is here made the beneficiary, not of one third of his property, but of the interest or income of one third. It is obvious, however, that the interest or income to which she is entitled is interest or income upon the very same capital or *corpus* that she could justly have demanded in the case supposed. When it has been ascertained what she would have taken, if she had been given one third of the whole estate, there has been an ascertainment of the principal sum upon which she is entitled, by this will, to interest and income.

A different question might, perhaps, be presented if an assignment to the widow of one third of the entire estate, after payment of debts, left less than $100,000 applicable to the bequest to the mother.

It may be that, in such a case, the dispositions under the second and third clauses would abate equally, though the fact that the former contains the sole provision in favor of the testator's widow, and that such provision is in lieu of dower, might, even in case of a deficiency of assets, entitle it to a preference. It would not, however, be so entitled from the mere circumstance that it precedes the others in order of statement.

Unless a testator distinctly indicates that one or more of his beneficiaries is to be preferred to the others, or unless one or more of his bequests is founded upon a consideration, and is not, therefore, a mere bestowal of bounty, the courts will presume that he intended that all his beneficiaries should alike be paid, and in case of a deficiency of assets will direct a ratable abatement (Waters v. Collins, *ante*, 374). But, in the present case, there is no question of abatement, as there is a large residue, in excess of the $100,000 and the sum which, under an interpretation most favorable to the widow, is disposed of by the second clause of the will.

Let a decree be entered, in accordance with the suggestion of counsel for Mrs. Thompson.