### In re THOMPSON'S ESTATE.

(*Surrogate's Court, New York County.* May 10, 1888.)

1. WILLS—CONSTRUCTION—DESCRIPTION OF PROPERTY.

Where testator, by will, gave all his property to his executors in trust, and directed them, among other things, to pay the income from one-third of the estate to his widow during her life, in ascertaining the one-third of the estate a specific legacy to his mother should be regarded as a part of such estate.

2. TRUSTS—COMPENSATION OF TRUSTEES—DISBURSING INCOME OF TRUST FUND.

Where testator gave all his property to his executors in trust to pay the income from one-third of his estate to his wife during her life, the commissions for receiving and disbursing the income to the widow are payable out of the income, and not from the *corpus* of the fund, or from the residue of the estate.

3. SAME—COMPENSATION OF TRUSTEES—TRANSFER OF LAND TO BENEFICIARY.

Where testator, by will, gave all his property to his executors in trust, with discretionary power of sale, and directed them to pay, deliver, and transfer to his son all of the residuary "property, real and personal," on his attaining majority, the trustees are not entitled to.commissions on the value of real estate transferred to the son at his majority, since the trust and the legal title in the trustees would terminate with the majority of the son, and the term "transfer" indicates the purpose of the testator to have the real estate not previously disposed of transferred *in specie*.

4. EXECUTORS AND ADMINISTRATORS—HOLDING ESTATE IN TRUST—COMPENSATION.

Where testator, by will, made his executors trustees of all his property, giving them full control of the same, with directions as to the disposition of the income and the final division of the estate on the termination of the trust, the executors are not entitled to commissions as trustees, in addition to such as they are entitled to as executors.

On final accounting of trustees under a will.

By his will, Samuel C. Thompson, deceased, gave all his property, real and personal, in trust to his executors, among other things, to pay to his widow for life, and in lieu of dower, "the interest or income from one-third of all his property, real and personal," to be paid to her semi-annually, so long as she remained his widow, and, in the event of her marriage, the income of $50,000 for life; to pay to his mother $100,000; to pay to the guardian of his children, during minority, out of the income or principal of his property, such sums as his executors should deem adequate for the support and education of his children; and "to pay, deliver over, and transfer, subject to the above directions, all the rest and residue of my property to my children equally, share and share alike," each child to come into possession and control at majority. "I give to my executors full control over all my property, expressly authorizing them, in their discretion, to sell or exchange and give title to any part or the whole of my property, real and personal, to collect the rents and income thereof, to invest the income of any portion of it, or the proceeds of the sale of any part of it, in such a way or manner as may seem to them best for the interest of the persons beneficially interested in these trusts."

*Edwin Morse*, for trustees. *Fisher A. Baker*, for widow. *Wm. I. Thorn* and *Homer A. Nelson*, for son.

RANSOM, Sur. The conclusions following dispose of what I understand to be all the questions which have been presented for my consideration. The question whether, in ascertaining the one-third of the estate, the income of which the testator has given to his widow, the legacy bequeathed to his mother is to be regarded as a part of such estate, has been passed upon by my predecessor. He has held that it should be so regarded, and I concur. *Thompson* v. *Thompson*, 3 Dem. Sur. 409.

The commissions to which the accounting parties are entitled for receiving and disbursing the income payable to decedent's widow are payable out of such income, and not from the *corpus* of the fund yielding it, nor from the residue of the estate. *Cammann* v. *Cammann*, 2 Dem. Sur. 212; *In re Mason*, 98 N. Y. 533. The will provided for the payment of this income semi-annually, and such income, as well as the income which was paid to the guardian of the infant son of the decedent, was, it seems, disbursed semi-annually. Under the circumstances, it was permissible for the accounting parties to appropriate annually, with respect to the income so disbursed, their commissions at the full rates of 2½, 5, and 1 per cent. *Hancox* v. *Meeker*, 95 N. Y. 530; *In re Mason*, 98 N. Y. 535; *Meserole* v. *Meserole*, 36 Hun, 298; *In re Goodrich*, Id. 299. The claim of the accounting parties to commissions as trustees, in addition to such as they have received, or are entitled to receive, as executors, is disallowed. The provisions of the will, viewed in the light of the decisions applicable to cases of like character, plainly show that no severance of the functions of the accounting parties as executors and trustees was

contemplated by the testator during the continuance of the trusts provided for the benefit of his wife and son. *Johnson* v. *Lawrence*, 95 N. Y. 164; *Hall* v. *Hall*, 78 N. Y. 535; *McKie* v. *Clark*, 3 Dem. Sur. 380. The separation of the offices and functions of the accounting parties, claimed to have been effected by the decree entered in a former accounting, was entirely ineffectual for the purpose, and affords no warrant for the allowance of the commissions in question. *Johnson* v. *Lawrence, supra; McKie* v. *Clark, supra.*

The claim for commissions upon the value of real estate transferred to the decedent's son upon his attaining majority should be denied. He became entitled, under the terms of the will, to the residuary real and personal estate of the testator, subject to the provisions made for the widow, upon reaching his majority, when the trust established for his benefit by the will terminated. By the fifth clause of the will the executors were directed substantially to pay, deliver over, and transfer to the son all of testator's residuary "property, real and personal," upon his arriving of age. A power of sale with respect to his real estate, discretionary in form, was given to the executors. This clause, taken in connection with the other dispositions of the will, evinces no design on the part of the testator to have his real estate absolutely converted into money, either upon the discontinuance of the trust created for the widow, or upon the son reaching majority, when the trust instituted for his benefit would end. The terms "to pay" and "deliver over," used in the clause referred to, are more appropriately applied to a disposition of personal estate, and would ordinarily have some influence in determining whether or not that is the character of the fund which the testator intended the beneficiary should receive. Here, however, the testator has also used the term "transfer," and obviously, I think, with reference to the real estate mentioned in the clause, and to evidence a purpose to have his real estate, or such part of it as it might be possible to transfer to his son *in specie*, so transferred to him, and to preclude the notion that he intended, at all events and under all circumstances, to have it converted into money. The feasibility of the transfer of the real estate, respecting which the question now being considered has arisen, has been demonstrated by its actual transfer and conveyance; and no occasion, with respect to it, has arisen for the exercise of the power of sale given to the executors. It is plain, in view of the foregoing, that I regard the power of sale as purely a discretionary one, and conclude that the legal title which the executors and trustees took in the estate was commensurate with their trusts, and would terminate with them. In the case of the son, the trust would end on his reaching majority. The trust in which the widow was interested would terminate upon her death, and as to part of the fund embraced in it upon her remarriage. Subject to these trusts, and to the discretionary power of sale given to the executors, the fee or remainder in the real estate was in the decedent's son. The conclusion at which I have arrived, brings this case within the principle declared in the decision of the court of appeals in *Phœnix* v. *Livingston*, 101 N. Y. 451, 5 N. E. Rep. 70. It requires that the claim for commissions on the real estate in question should be denied.