## Ex Parte McComb.

*In the matter of the Estate of* John McComb, *deceased.*

The testator gave his wife an annuity of five hundred dollars per annum, to be paid semi-annually, out of his estate, and directed his executors to retain in their hands and keep invested a sum sufficient to pay the annuity. *Held,* that the annuity was a charge on the estate, and the executors were bound to invest a sum sufficient to pay the annuity, clear of any taxes and commissions.

There is a distinction between income and an annuity. The former embraces only net profits, after deducting all necessary expenses and charges—the latter is a fixed amount directed to be paid absolutely and without contingency.

Residuary estate is given on the condition, express or implied, of the previous satisfaction of other legacies, and this condition can be discharged only by the payment of the clear amount of the legacies, free from all charges.

Horace Holden, *for Executors.*

The Surrogate.—By the fourth clause of his will the testator provided as follows:—" I give and bequeath to my wife an annuity of five hundred dollars per annum, to be paid to

her semi-annually out of my estate, so long as she shall live; and I direct my executors to retain in their hands and keep properly invested during her natural life, a sufficient amount to enable them to pay such annuity, which amount so retained and invested shall at her decease become a part of my residuary estate." The executors, in conformity with this direction, have retained the sum of ten thousand dollars and invested it upon bond and mortgage. From the interest they pay the annual taxes upon said investment, and the clear annual sum of five hundred dollars to the widow. The residuary legatees insist that the taxes should be deducted from the annuity.

In England the legacy duties are made by statute a direct charge on an annuity, and consequently the courts have held that the general estate out of which the annuity is payable, cannot be compelled to pay the duty, unless there are terms in the will showing an intention to have the annuity paid clear of duty. But in this State there is no tax upon legacies as such, though executors, administrators, trustees, or guardians are liable to pay a tax for the personal estate in their hands in their official capacity. This tax is not levied upon income, but generally upon all the funds held by the executor in his representative character, " deducting from such personal property the just debts due from him in such representative character." (1 *R. S. p.* 391, § 10.) It follows therefore, that where the executor holds personal property in trust, the entire " income" of which is bequeathed for life or otherwise, the tax must be paid out of the income, the beneficiary being only entitled to the net income, after deducting the current charges against the fund. But in the present instance the testator has given an annuity, a stated annual sum, and has provided for its payment by directing the investment of a portion of his residuary estate. There is a distinction between income, and an annuity. The former embraces only the net profits after deducting all necessary expenses, and charges—the latter is a fixed amount directed to be paid absolutely and without contingency. It

seems to me that where the annuity is charged on real estate, or on the general residue of personal estate, there can be no doubt that the real estate or the general residue should pay the annual taxes. The will in such a case directs a certain annual sum to issue out of the estate, and a compliance with its terms would require the payment of the clear annuity. The will now before me instead of leaving the mode of raising the annuity uncertain, or charging it upon a general fund, or on the other hand, instead of restricting the executors to the investment of a specified sum to produce the annuity, combines some of the features of both modes. The testator has required the annuity to be paid "out of his estate," and at the same time directed the retention and investment of a sum "sufficient" to enable the executors to pay the annuity. The annuity is a charge upon the estate, an incumbrance upon it, which must be paid without reference to other charges or encumbrances, if the estate be sufficient. The executors are bound to pay the annuity, in the first instance, and then are directed as to the mode of securing it, to retain and invest a sufficient amount for that purpose. In determining the amount to be retained and invested, they must have reference both to the rate of interest, and to such demands as by law will reduce the earnings of the investment,—for their duty to pay five hundred dollars per annum cannot be satisfied by paying less. The same rule applies to a legacy of a specified sum, say five thousand dollars—the legacy is to be paid at the end of the year, without deduction for taxes, or commissions. This is the universal rule, conceded to be so, and acted upon in every day's practice. Now an annuity of five hundred dollars per annum is nothing more than a legacy of five hundred dollars to be paid at the end of one year, five hundred at the end of the second year, and so on. I can see no greater or better reason for charging such a legacy with taxes and commissions, than a legacy of ten thousand dollars payable at the end of a year. The residuary estate is given on condition of paying all legacies, and the condition can be discharged only by the payment of the clear amount. It would

be thought absurd for the devisee of a house and lot charged with an annuity of one hundred dollars per annum, to deduct from the annuity the annual tax, or any portion of it. It seems to me none the less unjust for the residuary legatees of personal estate, to claim a similar deduction for taxes on such residue. In each instance the property devised or bequeathed is given on a condition, or subject to an incumbrance, and the condition can be fulfilled only by making the precise payment required. I am therefore of opinion that in the present instance, the executors should retain and invest a sufficient sum to pay the annuity in question, besides the taxes, commissions, and other charges upon the fund so to be reserved, in order that the clear annual sum of five hundred dollars may be paid to the widow as required by the language of the will.