In the Matter of the Application of CAROLINE J. DEWEY, Respondent, to Compel GEORGE EDWARD BARBER and MARTIN V. B. STETSON, as Executors of SILAS H. DEWEY, Deceased, Appellants, to Account.

1. WILL — BEQUEST OF INTEREST ON SPECIFIED SUM. As a general rule, a bequest of the interest of a particular sum will not be construed as giving an annuity, although made payable annually, but will be regarded simply as the gift of the income or interest of the specified sum.

2. BEQUEST OF INTEREST CONSTRUED AS BEQUEST OF INCOME AND NOT AN ANNUITY. A testator bequeathed to his wife " the interest upon the sum of $12,000, to be paid to her annually during the period of her natural life" by his executors. with a devise over of the principal to the testator's heir at law by means of a general residuary clause. *Held,* that the bequest was of the income of the sum specified, and not an annuity of $720; and, hence, that if the income fell short of six per cent upon $12,000, the *corpus* of the estate was not liable for the difference.

*Matter of Dewey,* 82 Hun, 426, reversed.

(Argued April 22, 1897; decided May 4, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the third judicial department, entered December 12, 1894, which reversed a decree of the surrogate of Clinton county judicially settling the accounts of executors and directed a rehearing.

The facts, so far as material, are stated in the opinion.

*Richard L. Hand* for appellants. The will of the testator gives to his widow the net income of $12,000 of his estate for her life, this income or use of his entire estate, up to $12,000, being expressly set in the place of dower interest in his real estate. An annuity of $720 was not given or intended. (*D. D. Bank* v. *A. L. I. & T. Co.,* 3 N. Y. 344; *Brown* v. *Hiatts,* 15 Wall. 177; *Morrison* v. *Hoffe,* 5 Eng. L. & Eq. 199; *In re McDougall,* 141 N. Y. 21; *O'Hara* v. *Dever,* 3 Abb. Ct. App. Dec. 407; *Kingsland* v. *Betts,* 1 Edw. Ch. 596; *Pinckney* v. *Pinckney,* 1 Bradf. 269; *Booth* v. *Ammerman,* 4 Bradf. 129; *Arcularius* v. *Sweet,* 25 Barb. 403; *Watrous*

v. *Smith*, 7 Hun, 544.) The will placed the entire estate (excepting the household goods) in trust, making the acting executor trustee. (*Greenland* v. *Waddell*, 116 N. Y. 234; *Ward* v. *Ward*, 105 N. Y. 68; *Morse* v. *Morse*, 85 N. Y. 53; *Low* v. *Harmony*, 72 N. Y. 408; *Tobias* v. *Ketchum*, 32 N. Y. 319; 88 N. Y. 375; *Brooks* v. *Terry*, 14 N. Y. Supp. 238; *Montfort* v. *Montfort*, 24 Hun, 120; *Edsall* v. *Waterbury*, 2 Redf. 48; *In re Ritter*, 24 Atl. Rep. 120.)

*L. B. Pike* and *George M. Wright* for respondent. The General Term correctly decided that it was the intent of the testator, as indicated by the will and the surrounding circumstances, that his widow should have a fixed sum annually. (*Brimblecom* v. *Havens*, 12 Cush. 511; *Thurber* v. *Chambers*, 66 N. Y. 42; *Stimson* v. *Vroman*, 99 N. Y. 80; *Birch* v. *Shiratt*, L. R. [2 Ch.] 649; *Van Axte* v. *Fisher*, 117 N. Y. 404; *Mitchel* v. *Knapp*, 54 Hun, 500; 124 N. Y. 654.) The surrogate erred in permitting the executor to charge himself with the income of the estate from May 1, 1889, to March 5, 1894, as for one period, and to credit himself with the amounts paid Mrs. Dewey during said time as a gross credit. Even upon the construction of the will adopted by the surrogate the income of each year should have been charged with the payments for that year and not with payments made years before. (*In re Hodgman*, 140 N. Y. 421; *In re Underhill*, 117 N. Y. 475; *In re Lang*, 144 N. Y. 275; *In re Rutherford*, 5 Dem. 504; *In re Odell*, 1 Con. 91.) The surrogate erred in declining to charge the executor with interest at six per centum upon the moneys of the estate used in his business. (*Lent* v. *Howard*, 89 N. Y. 180; *King* v. *Talbot*, 40 N. Y. 88; *Morgan* v. *Morgan*, 4 Dem. 354; *Spencer* v. *Popham*, 5 Redf. 425; *In re Nesmith*, 140 N. Y. 617; *Price* v. *Holman*, 135 N. Y. 124; *Rapalje* v. *Hall*, 1 Sandf. Ch. 399; *Cook* v. *Lowry*, 95 N. Y. 104; *In re Kennedy*, 2 Connoly, 216; *In re Richardson*, 2 Misc. Rep. 288.)

HAIGHT, J. Silas H. Dewey died on the 12th day of December, 1884, leaving him surviving the petitioner, Caro-

line J. Dewey, his widow, and Elizabeth R. Barber, wife of George E. Barber, his only child and heir at law. He left a last will and testament, which has been duly admitted to probate, in which he directed his executors to pay his funeral expenses and just debts. He then gave to his wife during her natural life his household and table furniture, bedding, pictures and household ornaments, and then by the third clause he provided as follows: "I give, devise and bequeath to my said wife, Caroline J. Dewey, the interest upon the sum of twelve thousand dollars, to be paid to her annually during the period of her natural life by my executors hereinafter named, said sum to be in lieu of her dower interest in my real estate." Then follow provisions for his sister, Almira Sawyer, and a legacy to his nephew, John Andrew Corbin. By the sixth clause he devises and bequeaths "all the rest, residue and remainder of my property, after the payment of the legacies, charges, bequests and devises hereinbefore mentioned, to my daughter, Elizabeth R. Barber, wife of George Edward Barber, and in case of her death before my own to the heirs of her body." He then designates and appoints as his executors, "to carry the provisions of this will into effect, Martin V. B. Stetson, of Champlain, N. Y., and George Edward Barber, of Plattsburgh, N. Y., with leave to sell or dispose of my real and personal property not otherwise disposed of, as in their judgment may seem best." Upon the accounting the surrogate allowed the widow the entire net income from the estate after paying the testator's debts and funeral expenses, but the amount of such income was considerably less than the interest upon $12,000 at six per cent. The surrogate construed the provisions of the third clause of the will as meaning income; the General Term was of the opinion that it provided an annuity of $720 per year.

If the construction of the will given by the General Term is correct, it follows that the difference between the annual income and the annuity must be made up out of the *corpus* of the estate. Was such the intention of the testator? We think not. It is true that there was no specific devise over of the

9

remainder of the $12,000 upon which the widow was to have the interest during her life, but it was included in the general residuary clause which gave all the residue and remainder of the testator's property to his daughter. At the time the testator made his will it appears that he supposed that his property amounted to between $16,000 and $17,000, and that there would be ample to provide for the persons whom he regarded as the proper subjects of his bounty, and that the provisions made by him for them would not impair the *corpus* of his estate. He does not, in express language, invest his executors with the powers of trustees. He does, however, require them to carry the provisions of his will into effect and gives them the power to sell or dispose of his real or personal property as in their judgment may seem best. The third clause of the will required them to annually pay to his widow the interest upon $12,000. This necessitated an investment so that the $12,000 would earn an income. This duty was imposed upon them as executors. It was an active duty and such as usually pertains to the office of trustees, and such they must be deemed to be for the performance of these duties. (*Tobias* v. *Ketchum*, 32 N. Y. 319; *Robert* v. *Corning*, 89 N. Y. 225; *Ward* v. *Ward*, 105 N. Y. 68, 74.)

The bequest to the widow is of the interest upon the sum of $12,000 to be paid to her annually during the period of her natural life. Does the word "interest" mean an annuity or does it mean income? Redfield on the Law of Wills (Part 2, 453, edition of 1866) says: "It seems to be well settled in the American courts that as a general thing the bequest of the interest on a particular sum will not be construed the same as giving an annuity of the same amount, although payable annually; but it will be regarded simply as the gift of the income or interest of that amount."

In the case of *Whitson* v. *Whitson* (53 N. Y. 479) the will bequeathed to the testator's wife "the life use of the sum of $10,000, directing my executors to semi-annually pay to her the lawful interest of the said sum of $10,000 from the date of my death." In that case this court held that the testator

meant income and not an annuity. It appears to us that that case is controlling upon the question we now have under consideration. In that case the executors were directed to pay the widow the lawful interest semi-annually. In this case they are required to pay over the interest annually. While the wording is different, the meaning in the two wills appears to be the same. It is contended that this case is distinguishable for the reason that in that case the devise over was to the heirs of the widow, while in this case it is to the daughter of the testator, but it does not appear to us that this makes any difference. We have carefully examined the numerous authorities cited by the respondent. It may be difficult to harmonize those of some of the other states, especially Massachusetts, with our own cases, but we think we should follow our own rules of interpretation. The rule invoked in the *Whitson* case was old at that time. (*Booth* v. *Ammerman,* 4 Bradf. Rep. 129.) It has been followed by many more recent cases in our lower courts. It was invoked in the cases of *Delaney* v. *Van Aulen* (84 N. Y. 16), and *Jackson* v. *Atwater* (19 Hun, 627). We think the construction given by the surrogate should be approved.

The order of the General Term should be reversed and the decree of the surrogate affirmed, with costs to both parties payable out of the *corpus* of the estate.

All concur, except BARTLETT, J., not voting.

Order reversed.