(Surrogate's Court, Westchester County. February, 1914.)

1. WILLS (§ 619*)—CONSTRUCTION—INCOME AND ANNUITY.
    Where it clearly appeared that testatrix knew the distinction between the life use of income and an annuity, a bequest to her sister of the use or income of a certain sum to be paid to her annually for and during her lifetime did not create an annuity.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1437; Dec. Dig. § 619.*]

2. ANNUITIES (§ 1*)—DISTINCTION BETWEEN "INCOME" AND "ANNUITY."
    The distinction between "income" and an "annuity" is that, while the former embraces only net profits after deducting all necessary expenses and charges, the latter is a fixed amount directed to be paid absolutely and without contingency.
    [Ed. Note.—For other cases, see Annuities, Cent. Dig. §§ 1–6; Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3501–3507; vol. 8, p. 7685; vol. 1, pp. 404, 405; vol. 8, p. 7575.]

3. WILLS (§ 634*)—CONSTRUCTION—VESTING OF INTEREST.
    Under Personal Property Law (Consol. Laws, c. 41) § 11, and Real Property Law (Consol. Laws, c. 50) § 40, relative to future estates, where, immediately following a bequest of the life use or income of a certain sum to testatrix's sister, the will provided that after the sister's decease one-half of the principal sum should be paid to her daughter and the balance to testatrix's children in equal shares, the gift to the niece vested immediately upon the death of testatrix; the enjoyment only being postponed until the death of the life tenant.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

4. WILLS (§ 634*) — CONSTRUCTION — POSTPONING CLAUSE — VESTING OF INTEREST.
    Where a remainder is created by words of present gift, and the only contingency is a death certain to occur, and the remaindermen are known and fixed, the postponing clause relates only to the period of actual enjoyment, and not to the period of vesting of the interest.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Proceedings upon judicial settlement of the accounts of Belle B. Gurnee and another, as sole acting executrices and trustees under the last will and testament of Azuba F. Barney, deceased. Decreed according to opinion.

John C. O'Conor, of New York City, for petitioners.
Sackett, Chapman & Stevens, of New York City, for contestant.

SAWYER, S. This is a proceeding for an accounting. The testatrix, Azuba F. Barney, died on or about the 4th day of December, 1875, leaving a last will and testament, the sixth clause of which was as follows:

"I give to Mrs. Julia A. Murfey, wife of G. B. Murfey of Cleveland, Ohio, the use or income of twenty thousand dollars to be paid to her annually for and during her lifetime. And after her decease I give ten thousand dollars of the principal of said sum to her daughter Julia Azuba Murfey, and the balance of said sum I give to my children, Arthur L. Barney, Belle B. Gurnee and Lucy L. Barney in equal shares."

Mrs. Julia A. Murfey mentioned in the sixth clause of said will was the sister of the testatrix. She died early in January, 1913. Her only daughter, Julia Azuba Murfey Harper, mentioned in the sixth clause of said will, died intestate March 17, 1909, nearly four years prior to the death of her mother.

Lydia Harper Crozer, the contestant in this case, and the daughter of said Julia Azuba Murfey Harper, was on or about May 5, 1913, duly appointed administratrix de bonis non of the goods, chattels, and credits of the estate of her mother.

The accounting in this proceeding is made upon the theory that the gift of the use or income of the sum of $20,000 to Mrs. Julia A. Murfey was an annuity; that the interest of $10,000 bequeathed to her daughter, Julia Azuba Murfey Harper, was a contingent interest which could not vest until the death of Mrs. Julia A. Murfey, wife of G. B. Murfey, of Cleveland, O.

The contestant claims that the gift to Mrs. Julia Azuba Murfey made her the life tenant of the sum of $20,000, and not an annuitant. The contestant also claims that the bequest given to Mrs. Julia Azuba Murfey Harper was not contingent, but vested in her upon the death of the testatrix; the enjoyment thereof only being postponed until the death of Mrs. Murfey.

[1] The first question that will be considered is: Was the bequest, "I give Mrs. Julia A. Murfey, wife of G. B. Murfey of Cleveland, Ohio, the use or income of Twenty thousand dollars to be paid to her annually for and during her lifetime," an annuity?

[2] The definition of an "annuity," as given by Cyc. (40 Cyc. 1631), is as follows:

"An annuity is a fixed sum to be paid the beneficiary annually and is distinguished from a gift of income by the fact that an annuity may be paid out of the principal where necessary."

Page on Wills (section 607) defines an "annuity" as follows:

"An annuity is a right to the payment of a specified sum of money at stated intervals, usually annually or at aliquot parts of a year."

Remsen, in his book on the Preparation and Contest of Wills (at page 145), says:

"An annuity is substantially different from a gift of the income or use of property. An annuity is a fixed amount directed to be paid absolutely and generally without contingency. An income embraces only the net profits after

deducting all necessary expenses and charges, and consequently is uncertain in amount."

The distinction between an annuity and a life tenancy of income is well shown in the case of Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039:

"The bequest to the widow is of the interest upon the sum of $12,000 to be paid to her annually during the period of her natural life. Does the word 'interest' mean an annuity, or does it mean income? Redfield on the Law of Wills (part 2, 453, Edition of 1866) says: 'It seems to be well settled in the American courts that as a general thing the bequest of the interest on a particular sum will not be construed the same as giving an annuity of the same amount, although payable annually; but it will be regarded simply as the gift of the income or interest of that amount.'"

See, also, Whitson v. Whitson, 53 N. Y. 479.

There is a distinction between income and an annuity. The former embraces only the net profits, after deducting all necessary expenses and charges. The latter is a fixed amount, directed to be paid absolutely and without contingency. Carr v. Bennett, 3 Dem. Sur. 433–442; Matter of McComb, 4 Bradf. Sur. 151, 152.

An annuity is a stated sum per annum, payable annually unless otherwise directed. It is not income or profits, nor indeterminate in amount, varying according to the income or profits, though a certain sum may be provided out of which it is to be payable; and hence, where testator gave a beneficiary the interest upon a certain sum, payable annually, it is not an annuity, but merely an ordinary legacy, for it is not a stated sum, but may be more or less, according to the earnings of the capital, and is merely interest or income. Booth v. Ammerman, 4 Bradf. Sur. 129–133.

From the above definitions and decisions it is evident that the use or income of $20,000 given to Mrs. Julia A. Murfey was not an annuity. I think that a careful study of the will as a whole shows clearly that the testatrix, by the clause in question, did not intend to create an annuity.

By subsequent clauses in the will the testatrix created two annuities, as follows:

"I give to Arthur Latham and his wife Caroline H. Latham of White River Junction, Vermont, or the survivor of them during their or either of their lives the annuity and yearly sum of eight hundred dollars to be paid annually by my executors."

"I give to Caroline E. Cushman of Waukesha in the county of Waukesha, Wisconsin, the annuity or yearly sum of five hundred dollars to be paid annually by my executors during her lifetime."

Manifestly the testatrix knew the distinction between a life use of income and an annuity. If it had been the intention of the testatrix to create an annuity under the sixth clause of the will, there seems to be no doubt but that she would have used the same or similar language that she did use when she did create the other annuities, as referred to.

In every case the intention of the testatrix is controlling. Cammann v. Bailey, 210 N. Y. 19, 103 N. E. 824.

[3] The next question to be considered is: Was the gift to Mrs. Julia Azuba Murfey Harper of $10,000 of the principal, the use and

income of which was given to Mrs. Murfey during her lifetime, a present gift which vested in Mrs. Harper immediately upon the death of the testatrix, the enjoyment of which was postponed until the death of Mrs. Julia A. Murfey?

The statutes of this state relating to future estates have been practically the same since they took effect in 1830. Section 11 of the Personal Property Law (Consol. Laws, c. 41) reads as follows:

"Suspension of Ownership.—The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator. In other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property."

Section 40 of the Real Property Law (Consol. Laws, c. 50) reads as follows:

"When future estates are vested; when contingent.—A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

There seems to be no distinction between remainder interests in personal property and remainder interests in real property by the courts of this state.

"Nowadays the distinction between future interests in personal property and future estates in real property appears to have been altogether lost sight of, and both are commonly referred to and considered in like manner." National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846; Haug v. Schumacher, 166 N. Y. 506, 60 N. E. 245.

The rule of law then, in so far as the same may relate to vested or contingent remainders of real property, would seem to apply to bequests of personal property.

The law favors the vesting of estates. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

The words of the sixth clause of the will under consideration express to my mind a clear intention of a present gift. The words of gift are:

"And after her decease I give ten thousand dollars of the principal of said sum to her daughter Julia Azuba Murfey."

As was said by Judge Finch in Matter of Seaman, 147 N. Y. 69, 41 N. E. 401:

"The respondent, nevertheless, relies upon the rule applying to bequests of personalty that, where time is of the essence of the gift, and there is no present gift, nothing passes until the prescribed period arrives. Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92. A reference to those cases and others which have followed them shows that the rule formulated was for the construction of bequests where there was no gift at all, except that involved in the direction to divide at a future time. Here there are words of present gift, for the phrase 'upon her decease,' like the expression 'from and after,' does not prevent the legacy from vesting. Nelson v. Russell, 135 N. Y. 137

[31 N. E. 1008]. Explicitly the will says, 'I give, devise and bequeath' the estates in remainder, and we are not compelled to resort to a direction to divide for an inference of an intention to give at all. I think the rule referred to has no application to a case like the present, where there are explicit words of gift beyond a direction to divide."

In the case at bar there is absolutely nothing in the will which shows any intention of postponing the vesting of the remainder interest given to Julia Azuba Murfey (Harper), except the words "after her decease." These words do not in themselves prevent the remainder estate from vesting.

In Nelson v. Russell, 135 N. Y. 137, at page 140, 31 N. E. 1008, at page 1009, the court said:

"Much stress is laid upon the words 'from and after the decease of my said daughters,' immediately preceding the words of gift of the remainder, as indicating an intention to postpone the vesting until the happening of that event. But the authorities are quite uniform that the words 'from and after' used in a gift of remainder following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent, and not vested, and unless their meaning is enlarged by the context they are regarded as defining the time of enjoyment simply, and not of vesting the title."

In the case of Ackerman v. Ackerman, 63 App. Div. 370, at page 372, 71 N. Y. Supp. 780, at page 781, the court said:

"The fact of a precedent estate is not important. The cases are common which hold that adverbs of time, such as when, then, after, from and after, etc., in the devise of a remainder limited upon a life estate, are to be construed merely as relating to the time of the enjoyment of the estate and not to the time of its vesting in interest; and that the law favors such a construction of a will as will avoid the disinheritance of the remaindermen who may happen to die before the determination of the precedent estates."

See, also, Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890, in which the court said:

"The principle of these cases is entirely decisive of the question involved in this case. There is nothing upon the face of the will, aside from the words 'from and after,' which in any way tends to sustain or give color to the construction that the vesting of the remainder was postponed or intended to be postponed beyond the death of the testator."

[4] The authorities of this state seem to hold uniformly that in cases similar to the one at bar, where a remainder is created by words of present gift and where the only contingency is a death certain to occur and the remaindermen are known and fixed, a postponing clause is to be regarded as relating only to the period of actual enjoyment and not to the period of the vesting of the interest.

I am of the opinion that the bequest to Julia Azuba Murfey (Harper) of $10,000, the use and income of which was given to Mrs. Murfey during her lifetime, was a present gift, which passed to Mrs. Harper immediately upon the death of the testatrix, the enjoyment of which was postponed only until the death of Mrs. Murfey, the mother of Mrs. Harper.

Decreed accordingly.