In the Matter of the Estate of TOM A. VELIE, Deceased.

Surrogate's Court, New York County, June, 1922.

**Wills — construction of — trusts — stated income for widow — deficiency of income — when corpus cannot be invaded.**

A will indicating no intention to prefer testator's wife over his children directed that such portion of the entire estate as was necessary to guarantee an " annual dividend " of $12,000 a year should be kept intact during the life of testator's wife and the net income thereof paid to her at the discretion of the executors. Upon the death of the wife the portion of the estate so kept intact was directed to be divided into three equal parts, one of which was to be given to the heirs of testator's wife and the remainder to his two sons in equal shares. *Held*, that the income from the entire estate being insufficient to pay annually the amount directed to be paid to the wife, she was only entitled to receive the net annual income from the total fund; the principal could not be invaded to make up any deficiency between said net income and the $12,000.

PROCEEDING for construction of will.

*Stuart McNamara*, for executors.

*Harold E. Lippincott*, special guardian.

FOLEY, S. In this proceeding a construction is asked of the following provisions of the will:

" Item 1. I will and decree that all my just debts and funeral expenses shall be paid out of my estate. Such a portion of my entire estate as is necessary to guarantee an annual dividend of Twelve Thousand Dollars ($12,000) a year, is to remain intact so long as my wife, Cordelia C. Velie shall live. The income created from this fund shall be paid to my wife, Cordelia C. Velie, at the discretion of the executors."

Surrogate's Court, New York County, June, 1922.        [Vol. 119

The total amount of the estate is $143,000, and the income thereon is insufficient to pay annually the amount directed by the testator.   The question to be determined is whether the income only on the total fund is to be paid to the widow, or whether the executors and trustees may invade the corpus of the fund to make up the deficiency between the net income and the sum of $12,000 per year.   The intention of the testator is first to be sought and when that intention is ascertained it is to be carried into effect.   It would seem clear from the context of the will that the gift of the amount fixed was not an annuity, but was a direction to pay the net income.   *Matter of Gurnee*, 84 Misc. Rep. 324; affd., without opinion, 165 App. Div. 920; *Matter of Dewey*, 153 N. Y. 63; *Booth* v. *Ammerman*, 4 Bradf. 129, 133; and the discussion of the difference between annuity and income in *Matter of Kohler*, 193 App. Div. 8. Without doubt the testator believed at the time of the execution of the will that his estate would be sufficient to assure the payment of the fixed sum.   By a subsequent paragraph of the will he directed that upon the death of his wife " such portion of my estate as has been set aside to guarantee the payment of $12,000 income, shall be divided into three parts equally as follows:   One-third to the heirs of my wife, Cordelia C. Velie;   One-third to my oldest son, Craig C. Velie;   One-third to my youngest son, John Deere Velie."

The language used in this will is quite similar to that in the wills construed in *Delaney* v. *Van Aulen*, 84 N. Y. 16, 20, and *Spencer* v. *Spencer*, 38 App. Div. 403.   In *Delaney* v. *Van Aulen*, *supra*, there was a direction to pay a specified sum a year as income. It was held that the provision for the life beneficiary was not a demonstrative legacy and was, therefore, not payable from the corpus of the fund in case of a deficiency of income to satisfy the full sum directed to be paid by the will.   In *Spencer* v. *Spencer*, *supra*, the testator directed that his executors set apart a certain portion of his real estate sufficient to " yield at all times a yearly net income of $25,000 " to be paid to his wife during her life.   Chief Judge Cullen was of the opinion that the gift was neither a demonstrative legacy nor an annuity, but a gift of rents and profits up to a specified sum.   So here, the testator's intention is evidenced by the use of the words " such a portion of my estate as is necessary to guarantee an annual dividend of $12,000," and by the words " *income* created from this fund " in item 1.   It is to be noted, also, that the word " *income* " was repeated by him in the 3d paragraph of the will.   The provisions of the will indicate no intention to prefer the widow over his children, who are designated as the remaindermen of this fund.   If the corpus was permitted to be

invaded to make up the deficiency, the entire fund would, in all probability, be exhausted before the death of the widow.

Submit a decree, therefore, construing the will accordingly, and directing the payment of the net annual income only to the widow for life.

Decreed accordingly.