In the Matter of the Estate of MARY E. KIDD, Deceased.

Surrogate's Court, New York County, June 15, 1928.

*Kantrowitz, Esberg & Solins,* for the petitioner.

*Smith & Bowman* [*Harold H. Bowman* of counsel], for the objectants.

*Joseph A. Gavagan,* special guardian.

O'BRIEN, S. In this accounting proceeding the question of construction raised relates to certain provisions in the 6th paragraph of the will, which gives all the residue of testatrix's property to the executor in trust to invest and reinvest, collect the income, rents, interest, and dispose of same as provided in the following language: " I direct my said executor and trustee to set apart a sum sufficient to produce an annuity of $2,080 which sum I direct shall be paid to Hannah P. Miller (widow of my deceased brother, James W. Miller) in weekly installments of $40.00 per week for and during the term of her natural life or until she remarry; upon the death or remarriage of said Hannah P. Miller I direct that the principal so set apart to create such annuity shall form part of my residuary estate and disposed of as hereinafter set forth." In the subsequent provisions of the same paragraph the residue is then bequeathed to nephews and nieces and friends of testatrix, who was a widow and had no children. She died May 19, 1926, and her will was admitted to probate June 28, 1926. Her estate at the time of her death had a value of $112,482.68. Of this sum $24,082.68 was personal property and the balance consisted of a piece of real estate at No. 720 Columbus avenue, appraised at $110,000 and subject to mortgages aggregating $60,550. On October 15, 1926, this property was sold for $150,000, an increase of $40,000 over its appraised value. During the period covered by this accounting, to wit, from the date of the issuance of letters testamentary, June 18, 1926, to February 15, 1928, the net income amounted to only $993.77. However, during all this period the amount of $40 per week, constituting the annuity of $2,080 as provided in the 6th paragraph of the will, was paid by the executor to Hannah P. Miller. These payments, as shown by the account, aggregate $3,560, so that part of the principal of the estate was used in making these payments, there being a deficit of income of $2,566.23. These facts are conceded by both sides in the present controversy. The question confronting

us is whether in the 6th paragraph, an annuity or a trust fund was created for the benefit of Hannah P. Miller. If an annuity only was provided, all of said payments must be approved, whereas if a trust fund only was created, the invading of principal was improper and the executor must be surcharged accordingly. The use in said paragraph of the terms " trust fund," " executor in trust," etc., together with the specific language creating an annuity, raised a question not readily solved, especially when certain authorities are considered, such as *Matter of Kohler* (96 Misc. 433), in which Surrogate FOWLER discusses the whole question at length. However, I have concluded that in that portion of the 6th paragraph which is above quoted testatrix created an annuity and not a trust fund.

My conclusion is primarily predicated upon the following considerations: (1) It was clearly the aim and purpose of testatrix to provide a fixed annual amount regardless of where this came from or whether out of principal or income; (2) definite weekly payments were directed to be made; (3) the amount of the fund necessary to produce this specified weekly payment was not left to the discretion of the executor; on the other hand, he was directed " to set apart a sum sufficient to produce an annuity of $2,080;" and (4) the fact that at the time of the death of testatrix there was in the estate ample property to produce under ordinary circumstances the income which she directed to be paid. Submit decree accordingly.