In the Matter of the Estate of MAX GOLDSTEIN, Deceased.

Surrogate's Court, New York County, May 29, 1935.

*Wagner, Quillinan & Rifkind* [*Simon H. Rifkind* and *Sidney R. Nussenfeld* of counsel], for the trustees.

*Shaine & Weinrib*, for Mary Goldstein, widow and respondent.

*Harry Baum*, for the respondents Edna Goldstein and another.

FOLEY, S. This is a trustees' accounting to which objections have been filed. A construction of the will is also sought.

By the sixteenth paragraph of his will the testator gave to his executors and trustees " a sum of money which invested * * * will produce a weekly income of One Hundred ($100) dollars per week, which one hundred ($100) per week is to be paid to my wife." On the death or remarriage of the wife the will directs that the principal of the fund shall form part of the residuary estate.

The testator died in 1927 and was survived by his widow and three children. The children are the beneficiaries and remaindermen of the residuary trust. They receive the income therefrom in equal shares until the youngest child arrives at specified ages when the principal is to be distributed equally among them.

The executors and trustees never set up the fund to provide for the weekly payments to the widow but have administered the estate *in solido* paying the widow $100 a week from the income earned on the entire estate.

It now appears that owing to prevailing economic conditions the payments to the widow practically exhaust the income earned by the entire estate.

The executors and trustees now contend that the gift for the benefit of the widow is a trust which should now be set up taking values as of the date of the testator's death and that the widow is limited to the income earned from such trust.

The widow contends that the gift for her benefit created an annuity which is a charge on the entire estate and must be paid in any event whether from income or principal.

In view of the language of the will and the circumstances surrounding its execution, I hold that the gift to the widow of the stipulated sum weekly is in the nature of an annuity. These weekly payments are a charge on the entire estate until the executors and trustees set up the fund provided for in the sixteenth paragraph of the will. If the income from the estate is insufficient the principal must be resorted to to make the stipulated payments. Under the terms of the will the widow is not limited to income from the fund to be set up, but is to be paid $100 a week. The testator has evidenced an intention to provide adequately for his widow and that the weekly payments to her must be made in any event. (*Matter of Kidd*, 142 Misc. 512; affd., 225 App. Div. 663; *Matter of Sidenberg*, 147 Misc. 742; *Matter of Oakley*, 142 id. 1.) This intention is clearly established by the agreement entered into by the testator and his wife about a year before his death. Under the terms of the agreement, in consideration of his wife's release of dower, the testator agreed to execute an irrevocable will which would provide for the creation of a fund to produce stipulated payments of $100 weekly to the widow. The agreement further provides that the fund to be created shall be a first lien upon the testator's estate after the payment of debts and administration expenses. It is apparent that the will was executed in compliance with the agreement and that both instruments are in the nature of a guaranty to the widow that she will receive $100 a week after the testator's death.

It further appears here that during the administration of the estate and up to the institution of this proceeding the executors and trustees and all interested parties considered the stipulated payments to the widow as an annuity and a charge on the entire estate. The executors and trustees made no actual or theoretical severance of the fund to produce the weekly payments to the widow from the other estate assets. On a prior accounting in 1931 the interest of the widow was described as an " annuity of $100 per week for life or until remarriage." It is only now after a lapse of eight years that the executors and trustees and the children wish to place a different construction on the language of the will.

Although the stipulated weekly payments and the fund directed to be created are now a charge on the entire estate it does not appear that an actual severance of the fund is now necessary. A theoretical or constructive severance of the fund will suffice. This procedure will be advantageous to all parties, for if the fund is now set up present values must be employed as the executors and trustees must fix values at the time they establish the fund. (*Matter of Clark*, 251 N. Y. 458.) From the accounting filed it appears that at present values, it will be necessary to use practically the entire estate if the fund to produce an income of $100 a week is actually set up. The executors and trustees may, therefore, continue to administer the estate *in solido*, making the stipulated payments to the widow from income and resorting to principal if the income is insufficient for that purpose.

The issues raised by the objections filed to the account will be heard and determined by a referee to be appointed by the court.

Submit decree on notice construing the will accordingly and providing for the appointment of a referee to hear and determine the issues raised by the objections filed to the account.