In the Matter of the Estate of FRANK V. BURTON, Deceased.

Surrogate's Court, Orange County, July 5, 1935.

*J. Townsend Cassedy*, administrator c. t. a., attorney in person.

*Greene & Hurd* [*Francis B. Hamlin* and *Edward B. Weadock* of counsel], for certain residuary legatees.

*Lord, Day & Lord* [*Kenneth E. Ryan* of counsel], for the Central Hanover Bank and Trust Company, as general guardian of certain residuary legatees.

*Peter Cantline*, special guardian.

TAYLOR, S. The testator died March 11, 1922, and his will was admitted to probate in this court. Two articles of the will require construction, due to the mutations in our economic conditions.

Article seventh of the will provides:

" *Seventh.* I give and bequeath and direct my executors and trustees, hereinafter named, to pay the sum of one hundred twenty-five dollars ($125.00), each month after my decease to my cousin Sidney B. Burton, of Swanton, Vermont, during the term of his natural life.

" My executors and trustees are hereby directed to set aside a sum sufficient to produce an income of one hundred and twenty five dollars ($125.00) per month, and to invest the same in such manner as they may deem best. Upon the decease of my said cousin the principal of said trust fund, with all interest accrued thereon shall be distributed as part of my residuary estate."

In connection with a previous accounting and by the decree of February 2, 1926, it was directed that the sum of $30,000 be set aside for the trust mentioned in this article, kept invested, and from the income thereof $125 per month be paid Sidney B. Burton during his life and the surplus income, if any, distributed as therein provided. The securities set aside pursuant to this direction were guaranteed bonds and mortgages, the income from which has now greatly depreciated. (See *Matter of Balfe*, 152 Misc. 739; affd., 245 App. Div. 22.)

It is earnestly contended that since an amount was set aside which then produced (and for aught that was known at that time, would continue to produce) the stated monthly income, the beneficiary must accept the misfortune which has come to so many relying upon securities for their income. On the other hand, the will is our yardstick and its commands must govern.

Does the seventh article of this will provide an annuity, or an income from the securities set aside (and whatever other securities may be so earmarked through reinvestment)? What was the testator's intention as evidenced by his will?

The first paragraph is significant in that it is a direct, unqualified gift to Sidney B. Burton of the sum of $125 per month during the term of his natural life; it is not a direction to set aside a fund which in the judgment of the executors and trustees will produce this income and then to pay the beneficiary $125 per month *thereout*, or the whole income received; it is a legacy of $125 per month. By the second paragraph the executors and trustees are directed to set aside a fund to provide this legacy, but nowhere is it indicated that once this fund is set apart the beneficiary shall be limited to whatever income it produces and be subject to the vicissitudes of the times. It is clear the testator concluded his cousin should be provided a fixed monthly income during his life. It hardly seems he could have more plainly so provided.

What is the distinction between an annuity and an income? " An annuity is a fixed amount directed to be paid *absolutely* and generally without contingency. An income embraces only the net profits after deducting all necessary expenses and charges, and consequently is uncertain in amount." (Remsen Preparation of Wills & Trusts [2d ed.], p. 163.) " By definition a gift of an annuity confers upon the legatee or beneficiary a right to a fixed and certain sum of money. On the other hand, a gift of rents, profits or income entitles the beneficiary to a sum which is uncertain, being dependent upon the actual earnings of the corpus or principal." (Davids New York Law of Wills, § 858.)

While the will here under consideration does not use the word " annuity," there can be no doubt an annuity may be created by other apt words, so we may for our purposes disregard the use of the word in the will under consideration in *Ex Parte McComb* (4 Bradf. 151). There the will provided: " I give and bequeath to my wife an annuity of five hundred dollars per annum, to be paid to her semi-annually out of my estate, so long as she shall live; and I direct my executors to retain in their hands and keep properly invested during her natural life a sufficient amount to enable them to pay such annuity, which amount so retained and invested shall at her decease become a part of my residuary estate." Construction of this provision was required in connection with the claim of the residuary legatees that taxes should be deducted from the annuity. Said the court in this respect " There is a distinction between income, and an annuity. The former embraces only the net profits after deducting all necessary expenses, and charges — the latter is a fixed amount directed to be paid absolutely and without contingency. It seems to me that where the annuity is charged on real estate, or on the general residue of personal estate, there can be no doubt that the real estate or the general residue should pay

the annual taxes. The will in such a case directs a certain annual sum to issue out of the estate, and a compliance with its terms would require the payment of the clear annuity. The will now before me instead of leaving the mode of raising the annuity uncertain, or charging it upon a general fund, or on the other hand, instead of restricting the executors to the investment of a specified sum to produce the annuity, combines some of the features of both modes. The testator has required the annuity to be paid ' out of his estate,' and at the same time directed the retention and investment of a sum ' sufficient' to enable the executors to pay the annuity. The annuity is a charge upon the estate, an incumbrance upon it, which must be paid without reference to other charges or incumbrances, if the estate be sufficient. The executors are bound to pay the annuity, in the first instance, and then are directed as to the mode of securing it, to retain and invest a sufficient amount for that purpose."

It was further held that this annuity of $500 per year was nothing more than a legacy of that sum payable at the end of the first year, a like sum at the end of the second year, and so on, and that there is a residuary only after all legacies are paid.

It has so truly been said that no will has a twin brother and in many instances it is impossible to find a reported case in which the will construed has identical language with the one under consideration and the surrounding circumstances are the same, but in *Matter of Kidd* (142 Misc. 512) the will provision there under construction was very similar to that here; it provided: " I direct my said executor and trustee to set apart a sum sufficient to produce an annuity of $2,080 which sum I direct shall be paid to Hannah P. Miller * * * in weekly installments of $40.00 per week for and during the term of her natural life or until she remarry." During the period covered by the accounting the income was insufficient to make these weekly payments so that part of the principal was used in so doing. The question before the court was whether the will created an annuity or a trust fund, for, if the latter, the invasion of the corpus was improper. It was held that it was testatrix's intention to provide a fixed annual amount, regardless of whether income from the securities set apart was sufficient therefor or not, and that the invasion of principal was proper.

If any annuity is created, its character is not changed by the fact that a stated sum, or an amount which in the judgment of the executor or trustee shall be sufficient, is directed to be set apart or in a trust fund to provide the periodical payments. (*Pierrepont* v. *Edwards*, 25 N. Y. 128; *Matter of Anderson*, 143 Misc. 250; Wills,

69 C. J. 571; *Matter of Sidenberg*, 147 Misc. 742; *Bliven* v. *Seymour*, 88 N. Y. 469.)

In *Matter of Vanderbilt* (229 App. Div. 574) the testator gave to his wife " the annual income or sum of Two hundred and Fifty thousand Dollars, payable to her quarterly, * * * and arising from securities to be selected from my estate and set apart by my Executors, and which I give to them to be held in trust for that purpose." It was held that " it is clear from the language of article 7 that the testator intended that his wife should receive a fixed, annual payment of $250,000 and that, to accomplish this ruling purpose, the setting apart of securities to produce such payment was incidental. It is equally certain that he did not intend that this annual income should vary. There is nothing in the article which in any way limits the amount of that annual payment to the amount of income derived from the securities first set apart by the executors."

Cases may sometimes be determined as well from distinguishable authorities as those directly in point. In the following cases, patent distinguishing features appear, such as the provision to pay a sum annually " *out of* the principal and interest " of a certain bond and mortgage (*Matter of Toms*, 84 Misc. 312); the " *use or income* " of a certain amount (*Matter of Gurnee*, 84 Misc. 324; affd., 165 App. Div. 920); " *the income only* " of a trust fund (*Matter of Day*, 86 Misc. 131); " and to give her the *interest* on $4,000 " (*Jackson* v. *Atwater*, 19 Hun, 627); " the *interest* upon $1,500 " (*Booth* v. *Ammerman*, 4 Bradf. Sur. 129); " I give, devise and bequeath to Eva Conklin, the *interest* on $5,000 " (*Conklin* v. *Clark*, 48 Misc. 432); " the *interest* upon the sum of $12,000, to be paid to her annually during the period of her natural life " (*Matter of Dewey*, 153 N. Y. 63); setting up a trust and a direction to apply the rents and profits to the husband's use, except that certain sums should be paid " *thereout* " (*Delaney* v. *Van Aulen*, 84 N. Y. 16); direction to executors to " set apart a certain portion of my real estate which shall be amply sufficient, in their judgment, to yield at all times a yearly net income of twenty-five thousand dollars * * * and to pay the net income thereof up to twenty-five thousand dollars per annum " (*Spencer* v. *Spencer*, 38 App. Div. 403); " to set apart and hold * * * such a sum of money as will be sufficient to yield an annual income of $250 and to *pay said interest and income* " (*Matter of Von Keller*, 28 Misc. 600; affd., 47 App. Div. 625); " I give and bequeath * * * the *life use* of the sum of $10,000 " (*Whitson* v. *Whitson*, 53 N. Y. 479); " Such a portion of my entire estate as is necessary to guarantee an annual dividend of twelve

thousand dollars * * *. The *income* created from this fund shall be paid to my wife " (*Matter of Velie*, 119 Misc. 15); " The risk of lesser income in lean years would then balance the possible gain from greater income in fat years " (*Matter of Clark*, 251 N. Y. 458); " to receive the *interest* for her life " (*Stubbs* v. *Stubbs*, 4 Redf. Sur. 170).

Having determined that the will gave Sidney B. Burton an annuity or general legacy of $125 per month, then obviously there can be no residuary for distribution until this and other general and specific legacies are paid in full. There is a residuary estate here and this being a court of equity (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Dell*, 154 Misc. 216), the decree may provide that an amount sufficient to create a principal which will provide an income of $125 per month to Sidney B. Burton be taken from the residue and, of course, if there then be insufficient to pay the annuity under well-settled law, the deficiency may be taken from principal. (Bogert Trusts & Trustees, § 813; *Matter of Vanderbilt*, 229 App. Div. 574, 580; *Matter of Willets*, 112 N. Y. 289, 296; *Griffen* v. *Keese*, 187 id. 454, 466.) As the amount of the residue does not appear upon this accounting, the addition to the Sidney B. Burton principal sum may be determined upon the settlement of the decree.

A question of practice is raised, it being contended by three of the residuary legatees that the proper proceeding in which to change the amount of such trust fund is an application to have the decree pursuant to which the amount was originally fixed and determined changed after a hearing upon notice to all persons interested. Undoubtedly the point could be presented in that manner by the annuitant, Sidney B. Burton, but here the administrator c. t. a. asks instructions in the premises that he may safely proceed. The problem is properly presented.

Construction is also asked of articles tenth and eleventh. These clauses provide in substance that if any of the testator's children, who were beneficiaries under these articles, should die before receiving his or her share, leaving lawful issue, then such issue shall receive the share the parent would have received if living. Guardians have been appointed for the infant children of Van Duzer Burton, a legatee thereunder, who died subsequently to the previous accounting, and the interest of that decedent should be paid to the guardian of his children. (*March* v. *March*, 186 N. Y. 99.)

Settle decree on ten days' notice, or by consent.