In the Matter of the Estate of GEORGE W. MEAD, Deceased.

Surrogate's Court, Westchester County, May 15, 1939.

*Coyle & Mead,* for the executors.

*Irving B. Lydecker,* special guardian.

MILLARD, S. The court has been asked to construe the will of this decedent with respect to the nature of the provision made for Mary Fitzpatrick, one of the legatees named therein.

By article " fourth " of his will testator provided in part as follows:

" *Fourth.* I give and bequeath to David Irving Mead and William H. Orr, a sufficient sum *out of my residuary estate* to hold in trust during the life of Mary Fitzpatrick, to enable them to pay over to the said Mary Fitzpatrick the sum of One Hundred ($100.00) Dollars per month as long as she shall live, and I direct that such sum of One Hundred ($100.00) Dollars per month be paid over to said Mary Fitzpatrick during her life and upon her death the principal of such Trust Fund remaining in the hands of the Trustees shall be divided equally among my nephews and nieces then living, or the issue of any deceased nephew or niece, *per stirpes.* I make this provision for Mary Fitzpatrick because of her loyal and faithful service." (Italics mine.)

In article " seventh " testator directs that all inheritance taxes be paid out of proceeds of his bonds or stock of Studwell Foundation, Incorporated, and in article " eighth " the remainder of said bonds or stocks is given in equal shares to his nephews and nieces, *per stirpes*. Article " tenth " disposes of the residue of his property in equal shares to his brothers and sisters who survive him. Since the residuary estate will not produce sufficient income to enable the executors to carry out the direction contained in article " fourth " of the will, it becomes necessary to determine whether the legatee named therein is entitled to receive the specific sum of $100 monthly in any event or whether she is left to take whatever income is produced by the designated fund.

It appears from the testimony that Mary Fitzpatrick entered the service of decedent's mother as servant in 1893, and, upon the death of the mother in 1919, continued in the service of decedent until his death. The evidence is also to the effect that decedent held this legatee in very high regard and that it was his dominant purpose to provide her with an income of at least $100 per month during her lifetime. Strangely enough, all persons interested in this estate, including the special guardian for the infant beneficiaries, are in agreement upon this proposition and urge a construction of the will which will effect that result. One of the executors, an attorney, testified that he had drawn several wills for decedent, including the one probated, and that upon each occasion he had been instructed by the decedent that the legacy of $100 per month to Mary Fitzpatrick was to be given first consideration. He further testified that the phrase " residuary estate " in article " fourth " of the will was unfortunately used by him in drafting the will, as testator had not intended to limit the source from which payment of this legacy was to be made.

It is often difficult to determine from the language of a given will whether an annuity or an income interest is intended. The distinction is sometimes very finely drawn. " An annuity is a fixed amount directed to be paid *absolutely* and generally without contingency. An income embraces only the net profits after deducting all necessary expenses and charges, and consequently is uncertain in amount." (Remsen Preparation of Wills & Trusts [2d ed.], p. 163.) " By definition a gift of an annuity confers upon the legatee or beneficiary a right to a fixed and certain sum of money. On the other hand, a gift of rents, profits or income entitles the beneficiary to a sum which is uncertain, being dependent upon the actual earnings of the corpus or principal." (2 Davids New York Law of Wills, § 858.)

Article " fourth " of this will does not require payment out of income. There is simply a clear and specific direction to pay the sum of $100 per month to Mary Fitzpatrick. In *Matter of Kidd* (142 Misc. 512) the testatrix gave her residuary estate to her executor, in trust, with the direction to invest and reinvest, collect the income, rents and interest and to dispose of same as provided in the following language: " I direct my said executor and trustee to set apart a sum sufficient to produce an annuity of $2,080 which sum I direct shall be paid to Hannah P. Miller (widow of my deceased brother, James W. Miller) in weekly installments of $40.00 per week for and during the term of her natural life or until she remarry; upon the death or remarriage of said Hannah P. Miller I direct that the principal so set apart to create such annuity shall form part of my residuary estate and disposed of as hereinafter set forth."

The learned surrogate held the above-quoted provision to create an annuity and not a trust fund, basing his conclusions upon the following considerations: " (1) It was clearly the aim and purpose of testatrix to provide a fixed annual amount regardless of where this came from or whether out of principal or income; (2) definite weekly payments were directed to be made; (3) the amount of the fund necessary to produce this specified weekly payment was not left to the discretion of the executor; on the other hand, he was directed ' to set apart a sum sufficient to produce an annuity of $2,080; ' and (4) the fact that at the time of the death of testatrix there was in the estate ample property to produce under ordinary circumstances the income which she directed to be paid."

Similarly, in *Matter of Burton* (156 Misc. 175) article " seventh " of the will provided as follows:

" *Seventh.* I give and bequeath and direct my executors and trustees, hereinafter named, to pay the sum of one hundred twenty-five dollars ($125.00), each month after my decease to my cousin Sidney B. Burton, of Swanton, Vermont, during the term of his natural life.

" My executors and trustees are hereby directed to set aside a sum sufficient to produce an income of one hundred and twenty-five dollars ($125.00) per month, and to invest the same in such manner as they may deem best. Upon the decease of my said cousin the principal of said trust fund, with all interest accrued thereon shall be distributed as part of my residuary estate."

The learned surrogate there held the quoted portion of the will to create an annuity rather than an income for life.

The annuity is a fixed charge upon the estate and its source of payment not confined to the income from a fund which the

trustees see fit to appropriate for the purpose. (*Matter of Bamberger*, 163 Misc. 549; *Matter of Burton, supra; Pierrepont* v. *Edwards*, 25 N. Y. 128. See, also, *Matter of Vanderbilt*, 229 App. Div. 574.)

Under the authorities, therefore, article "fourth" of this decedent's will is construed as creating an annuity payable out of income or principal, if necessary. The executors herein should experience no difficulty with respect to the disposition of the stocks and bonds of Studwell Foundation, Incorporated, as the remaindermen named in article "fourth" of the will are identical with those named in article "eighth."

Settle decree.