Maximilian Moss, S.
In this proceeding to settle the final account of the substituted trustee, construction of testator’s holographic will is sought to determine the disposition of trust income on hand. Under paragraph “ VII ” testator gave to his executor and trustee in trust a sum of money upon the sale of his warehouse business sufficient to produce annually an income of $1,450 and to pay “ the said income from said trust ” to his brother and to his late wife’s maid Annie K. Fox during their respective lives. He directed that the former be paid $1,000 per fl.nnnm and the latter $468 per annum in certain installments and that “ upon the death of either the trust so far as that person is concerned shall cease and upon the death of the last survivor that portion of the trust shall cease and in each case become a part of my residuary estate.” In paragraph “XIV” testator reiterated that upon the deaths of the two *177 life beneficiaries “ the trusts created under Article VII for their benefit shall cease and become a part of my residuary estate and shall be disposed of as follows ”: $5,000 to Long-Island College Hospital for a bed in memory of his wife and $5,000 to New York University to establish a prize in Latin and Greek in his name. In the residuary clause he gave “ the remaining sum of the estate, after all charges have been paid ’ ’ to a niece and four nephews named therein in equal shares.
Testator’s will was probated in 1913 and the trust for the two life income beneficiaries was set up in 1917 pursuant to a decree judicially settling the account of the administrators c. t. a. The trustee accounted in 1925 following the death of testator’s brother and the trust continued until terminated by the death of Annie F. Lazara (formerly Fox) on May 30, 1955. Distribution of principal and income is now in order. The trustee’s present account shows that Anna F. Lazara received $468 per annum for a number of years, and thereafter varying amounts which during four years exceeded the stipulated amount and in other years fell below it, resulting in a net “ deficit ” of $1,173.66. Balance of principal on hand amounts to $7,613.16 and income amounts to $1,605.57, of which $1,542.62 is undistributed income as of date of death of the beneficiary and the balance is income collected subsequent to her death, part accrued as of date of death and part accrued thereafter.
The question of construction posed by petitioner is ‘‘ whether decedent intended income now in the hands of the trustee, collected or accrued prior to the death of the life beneficiary, to be paid to the life beneficiary for the years in which the income from the trust was not sufficient to provide the sum of $468 per year specified in Paragraph Seventh of the will.” Petitioner requests that the court determine the persons to whom the income now is payable and their respective shares therein. Counsel argues in favor of paying all income accrued as of the date of death of Annie F. Lazara to her estate. In opposition the special guardians for residuary beneficiaries join in requesting a construction that would answer in the negative the question as posed by petitioner. They contend that Arma F. Lazara was entitled to the annual income of the trust but not in excess of $468, and if upheld would interpose an objection to so much of the account as credits the trustee with payment of excess income in four years amounting to $564.32. Finally, they urge that the accumulated income should follow principal and be paid to the said hospital and university, hitherto determined to be preferred residuary legatees, provided they accept the gifts, or to the other residuary legatees.
*178 The court agrees with the main result sought by the trustee to pay all income received or accrued as of the date of death of the life income beneficiary to her estate. It is conceded that the will created a trust with a gift of income, and not of annuities. The prior decree of the court and the action of the parties heretofore recognized the right of the life beneficiaries to all of the net annual income whether is was equal to, more or less than the amount specified in the will. Entirely apart from that, the court holds that the true intent and purpose of the testator was to establish a trust with a gift of the income to his brother and Annie K. Fox. That being so, the latter as the surviving beneficiary was entitled to the income earned on the trust even though in some years it exceeded the stated amount of $468 (Matter of Wolburg, 50 N. Y. S. 2d 380; Matter of Mayer, 49 N. Y. S. 2d 239; Matter of Selig, 49 N. Y. S. 2d 385; Matter of Wilkes, 172 Misc. 623). The stipulated income of $1,450 measured the principal to be set aside. The absence of a provision for disposition of any excess income and the provision for distribution of principal only upon the respective deaths of the life beneficiaries support the interpretation that the life beneficiaries were intended to be entitled to all of the net income (Matter of Burton, 156 Misc. 175; cf. Matter of Mead, 171 Misc. 148; Matter of Kohler, 96 Misc. 433, mod. 193 App. Div. 8, revd. 231 N. Y. 353). Under the circumstances herein it is immaterial that in some years the income received by the second life beneficiary was less and in other years more than $468. The question is therefore academic in the form put as to whether the income on hand collected or accrued prior to the death of the life beneficiary should be paid to her estate to cover the deficiencies in the years when she received less than said amount. The court determines that her estate is entitled to such net income. Settle decree on notice construing the will and judicially settling the account accordingly.