In the Matter of the Estate of MARGARET S. JOHNSON, Deceased.

Surrogate's Court, Broome County, June 20, 1932.

*Mangan & Mangan,* for the petitioner, Edith Simpson Stratton.

*Rollin W. Meeker,* residuary legatee, in person, and as attorney for the City National Bank of Binghamton, as substituted trustee under the will and codicil of the deceased.

BAKER, S. This is a proceeding properly instituted by Edna Simpson Stratton, one of the legatees under the last will and testament and codicil thereto of the above-named decedent, for a construction of certain provisions of said last will and testament and codicil thereto.

The provisions of the third paragraph of the last will and testament of the above-named decedent, and the second and third paragraphs of the codicil to said last will and testament are the particular paragraphs of said last will and testament and codicil thereto upon which construction is sought.

Paragraph third of said last will and testament of said decedent provides as follows;

" *Third.* I give and bequeath unto my niece, Edna Simpson Stratton, of No. 267 Elmwood Avenue, Buffalo, New York, the sum of Three thousand dollars, ($3000.00)."

Paragraphs second and third of the codicil to the last will and testament of said decedent also provide as follows:

" *Second.* I hereby revoke and annul paragraph ' Third ' of my said last will and testament and the bequest therein contained, whereby I give and bequeath unto my niece, Edna Simpson Stratton, of Buffalo, New York, the sum of three thousand dollars ($3000.00), and in lieu thereof I hereby give and bequeath unto my executor named in said last will and testament, who is hereby created a trustee for that purpose, the sum of Three thousand dollars ($3000.00) in trust, nevertheless, to and for the following uses, purposes and distribution, to wit: My said trustee shall, as soon as consistent with the proper management of my estate, deposit to his credit as such trustee in The City National Bank of Binghamton, a national banking corporation, at interest, the sum of three thousand dollars ($3000.00) and shall pay therefrom, to my niece, Edna Simpson Stratton, annually, the sum of Four hundred dollars ($400.00) in equal quarterly installments of One hundred dollars ($100.00) each, commencing six months after the probate of my last will and testament and this codicil, together with any accumu-

lation of interest on any remaining portion of said trust fund as received.

"*Third.* The foregoing provisions intended for the use of said David H. Simpson and Edna Simpson Stratton shall not be construed as a vested interest in said principal sum or interest and said installments shall be payable only in person to each of said beneficiaries as the same shall become payable under the terms of this codicil and shall in no event be payable to any other person by reason of any assignment, anticipation or transfer, or attempted assignment, anticipation or transfer by either of said beneficiaries or by operation of law."

It appears from the intermediate and final account of the executor of the above-named estate that there were insufficient assets in his hands as executor of said estate to pay in full the general legacies provided in such last will and testament and codicil thereto of said decedent, and that by the decree entered upon the settlement of the intermediate accounts of said executor, granted herein on July 23, 1931, and the decree finally settling the accounts of said executor, granted herein on November 23, 1931, it was adjudged and decreed that each of the general legacies provided for in said last will and testament and codicil thereto, abate in the proportionate amount of 77.99693% of the face thereof.

Upon the proceeding for the judicial settlement of the intermediate accounts of said executor, and also upon the proceeding for the judicial settlement of the final accounts of said executor, the petitioner, Edna Simpson Stratton, appeared in person and by her said attorneys, Mangan & Mangan, and made no objection to the entry of either of said decrees, and no appeal has been taken from either of said decrees by the said petitioner, Edna Simpson Stratton.

It is the contention of the trustee and residuary legatee herein that the annuity given to the petitioner, under the provisions of the second paragraph of the codicil to the last will and testament of the said decedent, should also abate in proportion to the amount actually delivered to the trustee as principal of her said legacy.

The petitioner contends that the amount of said annuity, with accumulated interest on said principal sum so held by said trustee, be paid to her in strict accordance with the provisions of said second paragraph of the codicil to the last will and testament of the said decedent.

An annuity is a stated sum per annum, payable annually unless otherwise directed. It is not income or profits, nor indeterminate in amount, varying according to the income or profits, though a certain fund may be provided out of which it is to be payable.

An annuity at common law was a yearly sum charged. The

term " annuitant " has acquired a more extended meaning than at common law, and frequently denotes a trust beneficiary entitled to annual payments.

Surrogate BRADFORD, of New York county, in 1856, said there is a distinction between income and an annuity. " The former embraces only the net profits after deducting all necessary expenses, and charges — the latter is a fixed amount directed to be paid absolutely and without contingency." (*Matter of McComb,* 4 Bradf. 151.)

Surrogate FOWLER, in *Matter of Kohler* (96 Misc. 433, 441), says the distinction between annuities and trusts for the payment of income to beneficiaries is a substantial one. Where an annuity is created the annuitant is entitled to the stipulated payments per annum irrespective of the earnings. Where a trust fund is created, however, the beneficiaries are entitled to the entire income earned on the portion mentioned in the will. In the case of annuities, where the income is insufficient, the executors or trustees may encroach upon the principal, even in the absence of a specific direction.

In the instant case the direction of said testatrix was to pay to the annuitant annually the sum of $400 in equal quarterly installments of $100 each, together with any accumulated interest upon the principal of said legacy until the entire amount of principal was exhausted, providing said annuitant lived until such time. It will, therefore, be readily observed that said testatrix desired that the principal sum of said legacy should be encroached upon to meet the terms of the yearly payments provided for by her.

If a specific sum is directed to be paid periodically, as in the instant case, and not out of income and profits, it must be paid in all events, and the fact that there is a shrinkage of the capital sum does not affect the amount of the annual payment of the annuity as provided by the said codicil of said decedent.

A like determination is reached by another test, the intention of the testatrix. The real question is, is that which is given as an annuity to abate by reason of the fact that a shrinkage occurred in the net assets of the estate of said testatrix, causing all of the general legacies provided for in the last will and testament and codicil thereto of said testatrix to abate proportionately; or does the language of the testatrix import that a sum of $400, at all events, is annually to be paid in quarterly installments of $100 each out of said legacy to the said annuitant?

No positive rule of ready application to every case can be laid down, but each will depend upon a consideration of all the material provisions of the will and codicil to be construed. The court need

not be diligent to ascertain the testatrix's intention other than from her own words. In *Matter of Gallien* (247 N. Y. 195) the will was construed — the testator's intention stated. Chief Judge CARDOZO said: " What is needed is nothing more unusual than a common sense appraisal of probabilities and meanings."

In the instant case the intention of the testatrix is obvious, and in my opinion she intended that the annuity, in the sum of $400, should be paid to the said annuitant annually in equal quarterly installments of $100 each, together with any accumulation of interest on any remaining portion of the principal of said legacy as received by the trustee, in any event, until the principal of said legacy should become exhausted or the annuitant sooner die.

A decree is directed to be made and entered herein accordingly.