(28 Misc. Rep. 600.)

### In re VON KELLER'S ESTATE.

(Surrogate's Court, New York County. July. 1899.)

WILLS—GIFT OF INCOME—ANNUITY.

> Where a testatrix directs her trustees, who are also her executors, to set apart and hold from her personal estate a sum of money sufficient to yield an annual income of $250, and to pay said income over to a sister, and provides that on decease of such sister the principal sum and all accumulations thereon shall go to and form part of the residuary estate, the gift is one of income, and not an annuity, and the principal sum, on failure to furnish the required income, cannot be encroached on.

Application for the payment of a legacy out of the estate of Helene A. Von Keller, deceased. Application granted so far as directing the payment of the income of the principal fund, and otherwise denied.

John A. Mapes, for petitioner.
James E. Kelly, opposed.

VARNUM, S. By the third clause of her will decedent directs her trustees, who are also her executors, to set apart and hold from

her personal estate such a sum of money as will be sufficient to yield an annual income of $250, and to pay the said interest and income over to a sister. The will then continues: "Upon the decease of my said sister, I direct that the before-mentioned principal sum, and all accumulations thereon, shall go to, and form part of, my residuary estate." The residuary legatees are the children of testatrix. The executors set aside $5,000 for the purpose of carrying out this direction, and, by reason of an improper investment of one of the trustees, this amount has now been reduced to about $3,500, a sum entirely inadequate, just as the original sum set apart was, to produce an income of $250. An application is now made on behalf of this legatee, under section 2722 of the Code of Civil Procedure, to compel the administratrix c. t. a. to make a semiannual payment on the basis created by the decedent. If this payment were allowed, the corpus of the principal sum would have to be encroached upon, and the only question to be decided is whether this bequest is given as an annuity or as the interest of a fund. If it be an annuity, then the $250 must be paid annually, whether the principal fund is eaten into or not; whereas, if it be a gift of income merely, the fund must be kept intact, and the legatee can only have such interest as it produces. The answer to this important inquiry depends mainly on ascertaining the intention of the testatrix. Delaney v. Van Aulen, 84 N. Y. 16. Evidently she wholly relied on the ability of her trustees to set apart a sufficient sum to yield the stated income. Whatever that sum should be, however, she specifically makes it part of her residuary estate after the death of her sister, thus clearly showing that none of the principal should be used upon failure of income. This specific disposition is, to a large extent, a controlling element. Whitson v. Whitson, 53 N. Y. 479. It seems to me beyond a doubt that it was the desire of the testatrix that her children should share this entire fund after its purpose of yielding a life income had been performed; in other words, this gift is plainly one of income. The fact that the trustees failed to obey the direction of decedent, by making inadequate provision for her sister, should not be permitted to thwart the intention expressed in the will. It may be unfortunate for the petitioner that this construction must be placed upon the clause in question. Still, in a case such as the present one, a beneficiary may have his remedy against the trustees on an accounting. The application will be granted only so far as directing the payment of the income of the principal fund in the hands of respondent; otherwise, it will be denied.

Decreed accordingly.