In the Matter of the Estate of FREDERICK S. MYERS, Deceased.

Surrogate's Court, Bronx County, February 20, 1942.

*Davidson, Moses & Sicher [Maxwell Davidson* of counsel], for the Guaranty Trust Company of New York, as trustee, petitioner.

*Henry E. Tobey,* for Mary E. Tabor.

*Frank Ciraolo,* for Vito Longobardi.

*H. Nelson Hartstone,* in person.

*Philip Slutsky,* in person.

HENDERSON, S. No objection to the trustee's account has been filed. The trustee, however, seeks a construction of the second and fourth paragraphs of the decedent's will which, except for the usual preamble and testimonium, reads as follows:

" I. I direct my executors hereinafter named to pay all of my just debts, funeral and testamentary expenses.

" II. I hereby direct my executors hereinafter named to set apart out of my estate so much thereof as will yield an income net of ($100) One Hundred Dollars a month, and I do give bequeath and devise such property real or personal to my executors in trust nevertheless for the following uses and purposes; that is to say to collect the rents issues and profits thereof, and manage the same, and to pay said net rents issues and profits thereof to wit One Hundred ($100) Dollars a month, monthly, to my friend Mrs. John Tabor residing at Hotel Martinique, 33rd St. and Broadway Manhattan N. Y. City, her maiden name having been Mary Elizabeth Green, daughter of Cornelius Green of·New Bedford Massachusetts.

" III. I hereby direct my said executors to set apart out of my estate so much thereof as will yield a net income of Four Hundred ($400.00) Dollars per annum, and I do hereby give bequeath and devise such property real or personal to my said executors, in trust, nevertheless, for the following uses and purposes that is to say, to collect the rents issues and profits thereof and manage the same and to pay over said net rents, issues and profits thereof namely said Four Hundred ($400.00) Dollars per annum, quarterly, to my employee and friend James E. DeBelaine, of this City

" IV. I direct my said executors to further set apart so much of my estate as will yield a net annual income of Eight Hundred ($800.00) Dollars per annum, and I give bequeath and devise such property to my said executors in trust nevertheless for the following uses and purposes, that is to say to collect the rents issues and profits thereof and manage the same and to pay over said net rents issues and profits as follows, Six Hundred ($600.00) Dollars thereof to my faithful employee and friend Andrew Cutney, and Two Hundred Dollars ($200.00) thereof to my employee Vito Longobardi, both in equal quarterly installments.

" V. I give and bequeath to my friend Augustus Nulle the sum of Five Hundred ($500.) Dollars; to my friend Adolph C. Johnson Two Hundred and Fifty Dollars ($250.); to my friend Gerald Donnelly One Thousand ($1,000.) Dollars; all to and for their own respective uses and benefits absolutely.

" VI. All of the rest, residue and remainder of my property and estate both real and personal and wheresoever situate, I give bequeath and devise to my natural heirs in the proportions and shares as though I had died intestate, and as in such event provided by the laws of the State of New York. This residuary clause includes the remainders and principals of the foregoing trust estate after the falling in of the respective life estates therein.

" VII. I hereby nominate constitute and appoint the Guaranty Trust Company of New York as the Executor of this my last will and testament, and I do hereby give my said executor full power of sale, and to sell, mortgage, lease and dispose of any part or all of my estate both real and personal upon such terms and at such times as it may deem proper; and although I do hereby give my said executor full power and discretion as to the investment of the funds of my estate, it is my wish that the property now owned by me be held and retained in tact as long as possible so as to yield as great an income therefrom as possible."

The will was executed on July 26, 1911. The testator died on April 3, 1919, leaving a sister, a niece and a grandnephew as his only heirs at law and next of kin. The niece is the only one now living. The beneficiary named in the third paragraph predeceased the testator and his legacy lapsed.

The executor's account was settled by decree entered herein on November 27, 1923. The first intermediate account of the trustee was settled by decree entered herein on January 15, 1929. All persons interested in the questioned paragraphs were then living and were parties to each proceeding. The following adjudication, *inter alia*, was set forth in the decree settling the trustee's account: " And it is further ordered, adjudged and decreed that the said Trustee continue to hold, invest and re-invest the property, to wit, securities and cash, specified in Schedule ' D ' of said account, as the principal of the trust fund, to yield the annuities provided by Clauses or subdivisions marked ' II ' and ' IV ' of said last will and testament of FREDERICK S. MYERS, deceased, to wit: TWELVE HUNDRED DOLLARS ($1,200) a year to MARY E. TABOR; SIX HUNDRED DOLLARS ($600) a year to ANDREW CUTNEY; and TWO HUNDRED DOLLARS ($200) a year to VITO LONGOBARDI; * * *."

This fund has been kept *in solido* without objection as authorized in the final clause of paragraph VII of the decedent's will.

In each of said accounts payments were reported as having been made on account of these annuities. Both prior and subsequent to each previous accounting all interested parties treated the questioned provisions as creating annuities. The exact amount specified by the testator has been paid periodically up to the date of the present account to or for each respective beneficiary and the surplus income has been divided among the residuary legatees. Now, for the first time since the will was admitted to probate in 1919, a different interpretation of the questioned paragraphs is urged by the legal representative of the deceased grandnephew and by a successor to the interest of the deceased sister.

The intent of the testator controls the construction of his will. The expression of such intent in the second, third and fourth paragraphs is not artistic, and there is nowhere in the will any express direction as to the period during which the directed payments are to continue. No evidence *de hors* the will has been offered.

However, it is easily discernible from the above-quoted language of the entire will, that the testator's dominant purpose was to make provision for certain friends and employees by giving each of them a respectively specified sum of money periodically during his or her lifetime — no more, no less, than the exact amount he designated.

In each of the three paragraphs the testator directs that so much of his estate as will yield a specified net income for a specified period be set apart and given to his executor in trust, and that his executor collect the rents, issues and profits thereof and pay or pay over *said* net rents and profits. In a will directing executors " to lay aside sufficient  *  *  *  portions of my property out of which an annual income of $15,000 may be realized, to invest and reinvest the same, to collect such income, and to pay over such income  *  *  *," the words " *such income* " were construed to plainly apply " not to the income actually earned on the fund, but to a fixed annual allowance of the amount specified, $15,000." It was held that the gift was an annuity and that the beneficiary was entitled to satisfaction of any deficiency out of principal. (*Matter of Sidenberg*, 147 Misc. 742, 747.)

The above-quoted will contains even greater indications of an intent to bequeath annuities. In the second and third paragraphs the testator not only directed the payment of *said* net rents, issues and profits, but respectively added the words: " to wit One Hundred ($100) Dollars a month, monthly, to my friend " and " namely said Four Hundred ($400) Dollars per annum, quarterly, to my employee and friend." In the fourth paragraph, after directing the setting apart of so much of his estate as would yield a net annual income of $800, he apportioned the same by directing payment of " said net rents issues and profits as follows, Six Hundred ($600.00) Dollars thereof to my faithful employee and friend  *  *  *, and Two Hundred Dollars ($200.00) thereof to my employee  *  *  *, both in equal quarterly installments."

Somewhat similar phraseology used to express testamentary intent has been construed to create an annuity. (*Matter of Bamberger*, 163 Misc. 549, 550; *Matter of Savin*, 171 id. 818, 820.)

The questioned paragraphs are construed as creating respective annuities of $1,200, $600 and $200, payable as directed by the

testator. The principal may be invaded to satisfy the annuities whenever such invasion is necessary by reason of a deficiency in the annual net income.

In view of my determination as to the testator's intention, it is not necessary to consider whether or not the decree settling the trustee's first account is conclusive in that respect.

Settle decree.